(19 App. Div. 620.)

## DEUFEL v. LONG ISLAND CITY.

(Supreme Court, Appellate Division, Second Department. July 7, 1897.)

1. MUNICIPAL CORPORATIONS—ICY SIDEWALKS—LIABILITY FOR INJURIES.

Under a charter giving the charge of the streets and sidewalks to the common council, and requiring such body to keep the same in good order for the use of the public, a city was liable for a personal injury caused by negligently permitting snow and ice to accumulate and remain on the sidewalk, where the street had been open for public use for some years prior to the incorporation of the city, and had since been uninterruptedly used as a thoroughfare, and the sidewalk, consisting of coal ashes, and having plank curbing, had been in use for a considerable time, though the abutting lot owners had made no application, by petition, for the improvement of the street.

2. SAME—PLEADING AND PROOF—INSTRUCTIONS.

Where it appeared that, in consequence of falling on an icy sidewalk, plaintiff's foot slipped into a hole in the walk, which resulted in breaking the leg, it was not error to refer to such fact in charging the jury, though the existence of such hole was not alleged in the complaint, nor to refuse to charge that the only ground on which plaintiff could recover was defendant's negligence in failing to remove the snow and ice from the walk.

Appeal from trial term, Queens county.

Action by Jacob Deufel against Long Island City. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

George W. Stephens, for appellant.

T. C. Kadien, for respondent.

BRADLEY, J. The plaintiff charges negligence of the defendant, and his personal injury as the consequences. Within the first hour of January 1, 1895, the plaintiff, walking on the sidewalk of Raddy street in Long Island City, slipped and fell, and received an injury. The negligence charged against the defendant is that it permitted snow and ice to accumulate and remain on the sidewalk, and it appears that a hole was also permitted to remain in the walk, near the curb. The evidence tended to prove that snow and ice had been on the walk at the place in question for a week or more, and that, by the action of water, a hole made in it near the curb, had remained there three weeks. When the plaintiff slipped, on the occasion referred to, his right foot went into the hole, resulting in the breaking of his leg. The night was dark, and there were then no artificial street lights in the city. There was evidence sufficient to permit the conclusion of negligence of the defendant as the cause of the accident, if the duty rested upon it to use reasonable care to keep the sidewalk in suitable repair or condition for the purposes of travel upon it. It is contended by the learned counsel for the defendant that it was not charged with that duty, for the reasons (1) that the city never accepted this as a street, or assumed to improve or maintain a sidewalk upon it; (2) that the street or sidewalk could not be regulated or graded by the city without the application—

which does not appear to have been made—by the petition of the owners of more than half of the property abutting on the street. The defendant was incorporated as a city in the year 1870. Within it was Raddy street, which then had been open to public use for some years, and since then has been used as a public street. By the charter it was provided that the common council should be commissioners of highways in and for the city, and have all the powers and discharge all the duties of such commissioners; that they should have the power, and it should be their duty, to make, amend, and repair streets, walks, etc., in the city, to keep the streets clean and in good order, to request the owners of lots abutting on the streets to make and maintain sidewalks opposite their premises, and to prescribe and direct the manner in which they should be made, and to pass ordinances requiring such owners and occupants to clean the snow and ice from the sidewalks. And to render those provisions effectual, such others were added on the subject as are usually contained in the charters of such municipal corporations. Laws 1870, c. 719, tit. 6, §§ 1, 2. Ordinances were adopted pursuant thereto, and all the necessary official agencies were provided for by the charter.

It must, upon the evidence, be assumed that, as Raddy street had been uninterruptedly used by the public as a thoroughfare for upward of 27 years at the time of the accident in question, it was one of the public streets of Long Island City. The street, up to the night in question, was, and since has been, lighted by the city, and before then occupants of lots there had paid to the city taxes for water supplied to them on the street. It therefore, as such, came within the provisions of the city charter relating to the streets of the city. There had, for considerable time, been a sidewalk on the street, made of coal ashes, upward of 12 feet in width, having a wooden plank curb. It seems to have been suitable for a sidewalk when reasonably free from ice and snow. And the evidence tends to prove that the plaintiff's leg would not have entered the hole if he had not slipped on the ice which had accumulated on the surface of the walk through the process of congelation of melting snow which had fallen, and been permitted to remain on the walk. This was a sidewalk, made and used for such purpose. And the evidence was such as to enable the jury to find that this formation on the walk and the hole referred to were of a character affecting the safety of travel there, especially in the nighttime, and that such condition of the walk had existed for a sufficient time prior to the plaintiff's accident to charge the defendant with notice of it, and, consequently, with negligence in permitting it to so remain. Pomfrey v. Village of Saratoga Springs, 104 N. Y. 459, 11 N. E. 43; Harrington v. City of Buffalo, 121 N. Y. 147, 24 N. E. 186. This view is taken upon the assumption that the street and sidewalk and their maintenance and reparation came within the power and duty of the defendant. Nothing appears to distinguish this from other streets of the city in that respect. No petition of abutting owners was essential to such purpose. The provisions for such application do not relieve the defendant from the duty of taking the care and su-

pervision of the existing streets and sidewalks, pursuant to the other provisions of the statute before referred to. The petition may set the officers in motion for the purposes prescribed. Laws 1870, c. 619, tit. 6, § 1, subd. 2; Laws 1893, c. 644, § 1. It does not appear that the street or sidewalk, at the place in question, was so remote from the line of travel, or so little used, as to justify failure of attention to its condition. The omission to use reasonable care to render it safe to public travel, if such were the fact, was imputable to the negligence of the defendant. The question of the plaintiff's contributory negligence, as well as that of the negligence of the defendant, was properly submitted to the jury. The plaintiff, in his complaint, did not allege any existence of the hole in the walk. The fact that his leg went into it was referred to in the charge of the court to the jury. The defendant's counsel thereupon requested the court to charge the jury that the only ground upon which the plaintiff could recover was that there was negligence in failing to remove the snow and ice from the sidewalk. This the court declined to charge, and added that there was some evidence of a hole there, over which ice had formed, and that the plaintiff's foot went through the ice, and went into the hole, and therefore the court charged in that regard. In the view taken, there was no error in the refusal to charge as requested, or in the charge of the court thereupon made. The negligence charged had relation to the condition of the sidewalk, unsafe for travel, which the defendant had permitted to exist. The plaintiff alleged that he "fell, and was greatly injured, by reason of an obstruction, and the unsafe and icy condition of the sidewalk." And the evidence on the subject tended to prove that the cause of the slipping and falling of the plaintiff was the icy sidewalk, and his leg going through the congealed covering of and into the hole was the consequence. And, although the injury to him may not have been so severe as it was, if the hole had not been there, it was one of the conditions which may have been attributable to the negligence of the defendant, and could not, in view of the evidence, well be excluded from the consideration of the jury. The gravamen of the action is negligence in the failure to maintain the sidewalk in a safe condition, and the plaintiff's injury the consequence of it.

The judgment and order should be affirmed. All concur.