(128 App. Div. 699.)

## ANDREWS v. CITY OF ELMIRA.

(Supreme Court, Appellate Division, Third Department. November 11, 1908.)

1. MUNICIPAL CORPORATIONS (§ 797*)—TORTS—PRECAUTIONS AGAINST INJURY—LIGHTS.

> In establishing street lights, a municipality exercises a quasi judicial or governmental function, and error in the exercise of this function is not negligence, but, if, in order to maintain its streets in a reasonably safe condition for public travel, it is necessary to place lights at certain places, its failure so to do is negligence.
>
> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1656; Dec. Dig. § 797.*]

2. MUNICIPAL CORPORATIONS (§ 796*)—TORTS—PRECAUTIONS AGAINST INJURY—BARRIERS.

> If, in order to maintain streets in a reasonably safe condition for public travel, it is necessary to erect barriers at certain places, failure to do so is negligence.
>
> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1655; Dec. Dig. § 796.*]

3. MUNICIPAL CORPORATIONS (§ 797*)—TORTS—PRECAUTIONS AGAINST INJURY—LIGHTS.

> Plaintiff was injured while walking after dark on a pathway at the side of the road in the outskirts of a city in a neighborhood that was sparsely settled by being run into by a bicycle rider riding an unlighted bicycle. There were two arc lights of about 2,000 candle power each located a little over 300 feet from the scene of place of the accident, and an incandescent light 190 feet distant, which lights were maintained under a contract with the city. Plaintiff was perfectly familiar with the street. *Held*, that it was not negligence on the part of the city to fail to supply the street with more lights.
>
> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1656; Dec. Dig. § 797.*]

Appeal from Trial Term, Chemung County.

Action by John Andrews against the City of Elmira. Judgment for plaintiff, and defendant appeals. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCH-
RANE, and SEWELL, JJ.

Charles Marvin, for appellant.
Richard H. Thurston, for respondent.

CHESTER, J.   Although it was one of the controverted questions
upon the trial, we may assume, for the purposes of the appeal, that the
place where the plaintiff was injured was a public street in the city of
Elmira.   It was on the outskirts of the city, in a neighborhood sparse-
ly settled, unfenced, and adjacent to a cornfield.   There was a pathway
at the side of the road made of ashes, and at the place where the acci-
dent happened the path was from a foot to 18 inches above the level
of the roadway, and descended at an angle of about 45 degrees a dis-
tance of about two feet to the roadway.   While the plaintiff was
walking on this path after dark, he was run into by a boy riding upon
an unlighted bicycle, and was knocked to the ground and received the
injuries of which he complains.   He charges that the city was negli-
gent in not maintaining lights at the place in question sufficient to
make the place reasonably safe for public travel.   This was the only
question submitted to the jury with respect to the defendant's neg-
ligence.

In relation to the place and the manner of the accident, the plaintiff
testified:

"It was very dark. * * * I saw something, and stepped to the right a
little bit so as to not be in the way of it.  It was somebody coming on a wheel,
and struck me and knocked me into the ditch. * * * When I saw this ob-
ject coming toward me from the light, I tried to step out, thinking, of course,
that they would turn to the right and I would be clear. * * * I was per-
fectly familiar with that street. * * * From that path the grade drops
down towards the road.  That is what I had in mind when I spoke about the
ditch. * * * When I saw the bicycle coming, the bicycle was between me
and the light.  It was quite a piece off when I saw it.  I do not know as I
could tell how far, five rods maybe, or ten rods."

It thus appears that he saw the boy approaching about five rods in
advance of him, and that he turned a little to the right to allow him to
pass, assuming that the boy would turn to his left.   The boy, however,
did not turn, and the collision followed.   The evidence shows that
there were two arc lights of about 2,000 candle power each, one situ-
ated 306 feet and the other 321 feet from the place of the accident, and
that there was also an incandescent light 190 feet distant, all of which
were maintained by a private corporation under a contract with the
defendant.   There was no claim that all these lights were not burning
at the time.

It is conceded by both sides that in establishing street lights a mu-
nicipality exercises a quasi judicial or governmental function, and that
error in the exercise of this function is not negligence.   It is also set-
tled law that the duty rests upon a municipality to maintain its streets
in a reasonably safe condition for public travel.   If, in order to main-
tain such a condition, it is necessary to erect barriers or to place lights
at certain places, the failure so to do is negligence for which the mu-
nicipality is liable to one receiving injuries by reason of such failure.

The cases where this principle has been held are those where the street is out of repair, or where there is some excavation, defect, or obstruction in the street or something unusual rendering it unsafe, and where in the nighttime lights or barriers are essential for the protection of travelers. Deufel v. Long Island City, 19 App. Div. 620, 46 N. Y. Supp. 355; Brewer v. City of New York, 31 App. Div. 244, 52 N. Y. Supp. 865; Storrs v. City of Utica, 17 N. Y. 104, 72 Am. Dec. 437; Wilson v. City of Troy, 135 N. Y. 96, 32 N. E. 44, 18 L. R. A. 449, 31 Am. St. Rep. 817. But here there was no defect in the street unless the manner of its construction may be called such. As to that it was simply an unimproved street in an outlying part of the city with the ordinary dirt or gravel roadway and having a narrow side or footpath covered with ashes, elevated a little above the roadway, and without any abrupt descent from its level to that of the roadway. The condition was not unusual for roads of that character, and was not one requiring the presence of lights or barriers to make it reasonably safe for the protection of a traveler, and especially not for the protection of one who was familiar with the place as this plaintiff was. There was nothing here upon which a claim of negligence against the city could be based. It would be just as reasonable to say that the defendant was culpable because it did not have a policeman at hand to drive the boy with his bicycle off from the sidewalk when he was unlawfully riding thereon before he injured the plaintiff. It was the wrongful act of the boy which was the proximate cause of the accident, and not any negligence of the city.

The defendant excepted to the submission to the jury of the question whether the street was sufficiently lighted to make it reasonably safe for public travel. The exception was a good one, and the order denying the motion to set aside the verdict and for a new trial should be reversed, and said motion granted, with costs to the appellant to abide the event. All concur.