GLORIA SCHLICHER and EMIL SCHLICHER, Plaintiffs, *v.* THE CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, Bronx County, November 29, 1940.

*Robert M. Rubenstein* [*Frederick Klein* of counsel], for the plaintiffs.

*William C. Chanler, Corporation Counsel* [*H. E. Cecil* of counsel], for the defendant.

VALENTE, J. At about one o'clock in the morning of February 16, 1937, Gloria Schlicher, one of the plaintiffs, fell and was injured while ascending a stairway leading from East One Hundred and Sixty-first street to Eagle avenue in the Bronx. A stairway is required at this particular locality, for Eagle avenue is about forty feet higher than One Hundred and Sixty-first street.

Admittedly, and as the pleadings indicate, the staircase used is a public thoroughfare and is maintained by the defendant as a passageway for the public.

The question presented on the motion to dismiss is whether a municipality is liable in damages to a traveler who is injured in the ascent of such a stairway in the night time, by reason of the same being insufficiently lighted. We may infer from the proof that the illumination was inadequate, that there was no defect in the structure, nor was there any foreign object on the stairs. None of the cases cited in the briefs of counsel is squarely in point. The facts in all differ in some important respect from those in the case at bar. Therefore, we cannot rest the decision here on any authority where the circumstances were precisely analogous. The law seems to be well settled that street lighting is a governmental function and that the failure of a city to light its streets cannot be properly regarded as an act of negligence rendering it liable for injuries sustained by a person solely through such failure. (*Griffin* v. *Town of Harrison*, 268 N. Y. 238; *Andrews* v. *City of Elmira*, 128 App. Div. 699; *Eger* v. *City of New York*, 239 N. Y. 561; *Daly* v. *Rector*, 188 App. Div. 280.) I recognize that liability has been imposed in cases where injuries resulted from the absence of proper lighting. Those appear to be cases " where the street is out of repair or where there is some excavation, defect or obstruction in the street or something unusual rendering it unsafe, and where in the night time lights or barriers are essential for the protection of travelers." (*Andrews* v. *City of Elmira*, *supra*, p. 701; also *Deufel* v. *Long Island City*, 19 App. Div. 620; *Wilson* v. *City of Troy*, 135 N. Y. 96.)

While the ascent or descent of a dark or improperly illuminated staircase which forms a connecting link between two streets of different elevations may well be considered as constituting a greater danger to a pedestrian than the risk involved in walking on an unlighted level street, I do not believe that the difference justifies the classification of a stairway as a " defect or something unusual " calling for an extension of the principle establishing the city's liability. I am not unmindful of the opinion rendered in the case of *Moran* v. *City of Troy* (258 App. Div. 1021), but the claim that it is directly in point is hardly warranted. While the accident

there took place upon an unlighted stairway, nevertheless there were other aspects so intertwined in that case that differentiation is not impossible. There plaintiff stepped on some foreign object on a staircase where some of the lights that the city had undertaken to light were not burning for some time prior to and when the plaintiff fell. Needless to say, considerable dissimilarity exists between the facts in that case and those presented here.

I am, therefore, constrained to grant the defendant's motion dismissing plaintiff's complaint upon the merits.