■ BONNIE ALLEN, as Administratrix of the Estates of JEFFREY L. ALLEN, JR., Deceased, and Another, Respondent, v TOWN OF HEMPSTEAD et al., Appellants, SWITZER CONTRACTING, INC., Respondent, et al., Defendants.—In a consolidated action, *inter alia,* to recover damages for personal injuries, the defendant Town of Hempstead appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated December 3, 1986, as denied that branch of its motion which was for leave to amend its answer to assert a claim for contribution against Paul Martini, and (2) from so much of an order of the same court dated June 4, 1987, as denied its cross motion for leave to assert a claim for contribution against the estate of Paul Martini and a cross claim against the defendant Switzer Contracting, Inc., and the defendant County of Nassau separately appeals from so much of the order dated December 3, 1986, as denied its cross motion for summary judgment, or, in the alternative, for leave to amend its answer.

Ordered that the appeal by the Town of Hempstead from so much of the order of June 4, 1987, as denied that branch of its cross motion which was for leave to assert a claim for contribution against the estate of Paul Martini is dismissed, without costs or disbursements, as that branch of its cross motion was in effect for reargument, and no appeal lies from the denial of reargument; and it is further,

Ordered that the order dated December 3, 1986, is reversed insofar as appealed from by the Town of Hempstead, without costs or disbursements, and that branch of the town's motion which was for leave to amend its answer to assert a claim for contribution against the estate of Paul Martini is granted; and it is further,

Ordered that the order dated December 3, 1986, is modified by deleting therefrom the provision denying that branch of the county's cross motion which was for leave to amend its answer to assert a claim for contribution against the estate of Paul Martini, and substituting therefor a provision granting that branch of the county's cross motion; as so modified the order is affirmed insofar as appealed from by the County of Nassau, without costs or disbursements; and it is further,

Ordered that the order dated June 4, 1987, is reversed insofar as reviewed, without costs or disbursements, and that

branch of the cross motion of the Town of Hempstead which was for leave to amend its answer to assert a cross claim against the codefendant Switzer Contracting, Inc., is granted; and it is further,

Ordered that the time of the County of Nassau and the Town of Hempstead to serve their respective amended answers is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry.

On the evening of November 23, 1983, while Paul Martini was crossing North Jerusalem Road in Wantagh, New York, with the infant Jeffrey Allen, the two were struck in the eastbound lane by an automobile operated by Denise Gray. Thereafter Allen was struck by a westbound vehicle operated by the defendant Edward Downey and owned by the the defendant Violet Altieri. Allen died as a result of the injuries sustained in this accident. It is alleged that the Town of Hempstead and the County of Nassau are liable for the accident because of a hazardous and dark condition created by a broken street light which was in close proximity to the site of the accident.

Two actions were commenced in Nassau County—one by Martini and the other by Allen's mother. Following depositions, which were conducted in October 1985, Martini commenced an additional action in Suffolk County against a Suffolk County contractor who, according to the deposition testimony of the town's witness, maintained the street lights for Hempstead at the time of the accident. The record reveals that Martini died on January 25, 1986. All of the actions have since been consolidated. The plaintiff is the administratrix of the estate of both Martini and Allen.

On appeal, the defendants Town of Hempstead and County of Nassau allege that the Supreme Court abused its discretion in denying that branch of the motion of the Town of Hempstead and that branch of the cross motion of the County of Nassau, respectively, which were for leave to amend their answers to assert a claim for contribution against Martini's estate for the injuries suffered by Allen. While the Supreme Court was correct in finding that it would be prejudicial to Martini's estate to defend against this counterclaim, nevertheless, pursuant to CPLR 1403, the defendants could bring a claim for contribution against Martini's estate within six years of payment of the judgment in this action. Consequently, these defendants may amend their respective answers accordingly.

The appellant County of Nassau further alleges that the Supreme Court erred in denying its application for summary judgment. This contention is without merit. Despite the deposition testimony of the town's witness to the effect that it maintained the street lights in the area of the accident through its contractor, the explicit wording of Nassau County Charter § 1202 gives the county "exclusive charge and supervision of the * * * lighting of all highways, roads, streets and bridges" under its jurisdiction. As the Supreme Court correctly found, the existence of this provision mandates denial of the county's cross motion for summary judgment. The allegations in the plaintiff's complaints charging the appellants with failure to maintain an adequately lighted roadway state a sufficient cause of action against the county under the terms of this provision.

Finally, the appellant Town of Hempstead alleges that the Supreme Court improperly denied its cross motion for leave to amend its answer so as to assert a cross claim against the recently named defendant, Switzer Contracting, Inc. We find merit to this contention, in view of the fact that this application was unopposed, there had been no showing of prejudice, and the proposed amendment is neither patently insufficient nor devoid of merit (*Norman v Ferrara,* 107 AD2d 739). Kunzeman, J. P., Weinstein, Eiber and Spatt, JJ., concur.