(Republished.)

■ LUISA THOMPSON, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant.—Plaintiff commenced the underlying action to recover damages for personal injuries sustained on January 10, 1984, when she was struck by a vehicle at approximately 8:00 P.M. while crossing the Grand Concourse in a crosswalk which led from a curb cut. Plaintiff alleged that the city was negligent for failing to furnish adequate illumination in the area of the crosswalk, since a nearby streetlight which had previously been installed by the

city was not in working order at the time of the accident, leaving the intersection in darkness and creating a dangerous condition.

In our order of January 30, 1990 [157 AD2d 634], we affirmed the dismissal of the complaint against the city on the ground that there was no special relationship between the city and plaintiff resulting in the creation of a duty to use due care for the benefit of particular persons or classes of persons. Relying on *Schlicher v City of New York* (175 Misc 696, 697, *affd* 264 App Div 763), we held that the illumination of streets was a governmental function and that the city's failure to maintain the streetlight in proper working order could not " 'be properly regarded as an action of negligence rendering it liable for injuries sustained by a person solely through such failure' " *[supra, at 635]*.

Plaintiff moved for reargument or, in the alternative, for leave to appeal to the Court of Appeals. We grant reargument, recognizing that no party to any litigation has a vested right to have a court perpetuate its own errors. We now agree with plaintiff that her allegation that defendant failed to maintain the previously installed streetlight in proper working order was sufficient to state a cause of action against the city. Under the circumstances, application of the "special duty" doctrine, which in effect immunizes a municipality from liability in the absence of a "special relationship" between the claimant and the municipality, is unwarranted *(cf., Kircher v City of Jamestown,* 74 NY2d 251; *Florence v Goldberg,* 44 NY2d 189).

Although in *Schlicher v City of New York (supra,* at 697) the court held that "[t]he law seems to be well settled that street lighting is a governmental function and that the failure of a city to light its streets cannot be properly regarded as an act of negligence rendering it liable for injuries sustained by a person solely through such failure", the plaintiff in that case had alleged that the city was liable for failing to properly illuminate a staircase linking two streets of different elevations *(see also, Bauer v Town of Hempstead,* 143 AD2d 793). The city in the instant case, however, had already determined that illumination of the area was necessary and had installed a streetlight. By installing the streetlight in the first instance, the municipality voluntarily undertook to act on behalf of pedestrians such as plaintiff and induced their reasonable reliance on such undertaking *(Kircher v City of Jamestown, supra; see also, Cuffy v City of New York,* 69 NY2d 255). The

issue here is thus not one of absence of street lighting, but the negligent maintenance of lighting already installed.

In *Schildkraut v Eagle Lines* (126 AD2d 480, *lv denied* 70 NY2d 605), we held that plaintiff established a prima facie case of negligence against the city based, *inter alia,* on its failure to provide improved illumination in the area where the accident occurred. The Second Department, in *Allen v Town of Hempstead* (145 AD2d 588), affirmed the denial of the county's motion for summary judgment observing that the County Charter conferred upon the county the exclusive supervision of roads under its jurisdiction. The court then stated *(supra,* at 590) that "[t]he allegations in the plaintiff's complaints charging the appellants with failure to maintain an adequately lighted roadway state a sufficient cause of action against the county under the terms of this provision."

In the instant case, section 20 (7) of the General City Law empowers the city to "maintain * * * lighting systems, for lighting streets". In addition, chapter 71, § 2903 (b) (10) of the New York City Charter provides that the Commissioner of Transportation "shall have charge and control of * * * designing, constructing and maintaining a lighting system for streets * * * in the city."

It has also been held that the duty of the city to preserve the safety of its streets is proprietary rather than governmental *(Kamnitzer v City of New York,* 265 App Div 636) and that this duty is nondelegable *(Lopes v Rostad,* 45 NY2d 617; *and see, Gutelle v City of New York,* 55 NY2d 794). "In the darkness of the night, in crowded thoroughfares, light is an important aid, largely tending to promote the convenience, as well as the safety, of the traveling public." *(Palmer v Larchmont Elec. Co.,* 158 NY 231, 234.)

The motion for reargument is granted, and upon reargument, that portion of this court's order of January 30, 1990 affirming the grant of defendant City of New York's motion for summary judgment is vacated and the memorandum decision filed therewith, the order of the Supreme Court, Bronx County (Hansel McGee, J.), entered October 17, 1988, is modified on the law, by denying defendant City of New York's motion for summary judgment, reinstating the complaint, and remitting the case to the Supreme Court for further proceedings, and is otherwise affirmed, without costs. Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.