Hancock, Jr., J.
(dissenting). I would affirm. I agree with the reasoning of the Appellate Division that "[b]y installing he streetlight in the first instance, the municipality voluntarily undertook to act on behalf of pedestrians such as plaintiff and induced their reasonable reliance on such undertaking (Kircher v City of Jamestown, [74 NY2d 251]; see also, Cuffy v City of New York, 69 NY2d 255). The issue here is thus not one of absence of street lighting, but the negligent maintenance of lighting already installed” (164 AD2d 773, 774-775). Although the City might not have had a duty to install the streetlights in question in the first instance (see, Schlicher v City of New York, 175 Misc 696, 697, affd without opn 264 App Div 763), once the City had undertaken to install the streetlight, it was legally obligated to exercise due care in *686 maintaining it (see, Allen v Town of Hempstead, 145 AD2d 588 [when a municipality undertakes to provide street lighting at a particular location, it may be held liable to a plaintiff who suffers injury due to a hazardous and dark condition created by a broken streetlight that is in close proximity to the site of the accident]; Moch Co. v Rensselaer Water Co., 247 NY 160; see also, Unger v Village of Fayetteville, 175 AD2d 606 [liability of Village upheld on theory that maintenance of existing streetlights is a proprietary function]).
The majority’s reasoning that the City has a duty to maintain installed streetlights only to the extent that the City has a duty to install them in the first instance, it seems to me, is erroneous. Our prior holdings have made clear that a municipality has a duty to act with reasonable care in the absence of a duty to act in the first instance, if the municipality voluntarily undertakes to act (see, Bottalico v State of New York, 59 NY2d 302 [State has a duty to maintain roadway shoulder in reasonably safe condition once it has undertaken to provide a shoulder]; Florence v Goldberg, 44 NY2d 189 [municipality which voluntarily undertook to provide crossing guards at intersections may be held liable for negligent performance of that duty, notwithstanding that, absent a voluntary assumption of the duty, none would have existed]; Moch Co. v Rensselaer Water Co., 247 NY 160, 167, supra ["The hand once set to a task may not always be withdrawn with impunity though liability would fail if it had never been applied at all”]; see also, Kircher v City of Jamestown, 74 NY2d 251; Cuffy v City of New York, 69 NY2d 255; De Long v County of Erie, 60 NY2d 296). The majority provides no reasons for departure from this rule.
Chief Judge Wachtler and Judges Kaye, Titone and Bellacosa concur with Judge Simons; Judge Hancock, Jr., dissents and votes to affirm in a separate opinion in which Judge Alexander concurs.
Order reversed, etc.