■ MARIANNE BAUER, Appellant, v TOWN OF HEMPSTEAD, Respondent, et al., Defendants.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Lockman, J.), dated August 20, 1987, which, *inter alia,* granted the motion of the defendant Town of Hempstead for summary judgment dismissing the complaint and all cross claims against it; and (2) a judgment of the same court entered September 24, 1987, dismissing the complaint and all cross claims against it.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On January 3, 1986, at approximately 7:00 P.M., the plaintiff was walking on a sidewalk adjacent to a row of retail stores in order to enter her car when she caught her foot on a raised curb and fell, sustaining personal injuries. The plaintiff seeks recovery against the defendant the Town of Hempstead (hereinafter the town) on the dual theories that (1) the curb was defectively maintained, and (2) the area was inadequately illuminated.

The plaintiff concedes that no prior written notice pursuant to Town Law § 65-a (2) was given with regard to either

condition and argues that no such written notice was required with regard to the lack of illumination theory. The Supreme Court granted the town's motion for summary judgment, and we now affirm.

Town Law § 65-a (2) provides: "No civil action shall be maintained against any town * * * for * * * injuries to person * * * sustained by reason of any defect in its sidewalks * * * unless written notice thereof * * * was actually given to the town clerk * * * and there was a failure or neglect to cause such defect to be remedied".

Clearly, the alleged negligent condition of the raised sidewalk curb would be encompassed in the written notice statute, and the failure to serve written notice bars recovery against the town on this theory. We further note that there is no claim by the plaintiff that the defective curb was caused or created by the town (see, Parella v Levin, 111 AD2d 750).

The Supreme Court granted summary judgment to the town on the ground that no prior written notice of inadequate lighting had been given. We affirm the granting of summary judgment on that theory on other grounds. Highway Law § 327, entitled "Lighting roads, highways and bridges", provides, in pertinent part: "The town board of any town * * * may * * * provide for lighting dangerous portions of any road or highway * * * The board may, in its discretion, at any time discontinue the lighting of any road, highway or bridge, or portion thereof".

In order to establish a prima facie case of negligence, the plaintiff must first demonstrate the existence of a duty owed by the town to the plaintiff (see, Solomon v City of New York, 66 NY2d 1026, 1027; Akins v Glens Falls City School Dist., 53 NY2d 325, 333, rearg denied 54 NY2d 831; Prosser and Keeton, Torts § 30 [5th ed]). In the absence of a duty to light the roadway and sidewalk at the accident location, the town cannot be held liable for negligence. Highway Law § 327 states that the town need only light such an area in its discretion and may discontinue lighting at any time. Therefore, there is no duty on the part of the town to light the public sidewalk area so as to support a cause of action sounding in negligence based on the lack of lighting (see also, Dodd v Warren, 132 Misc 2d 541).

Accordingly, the Supreme Court properly granted the motion of the town for summary judgment dismissing the complaint and any cross claims against it. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.