■ VIRGINIA J. TAYLOR, as Administratrix of the Estate of

EDWARD J. TAYLOR, Deceased, Respondent, v PROSTALL, INC., Appellant.—Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied defendant's motion for summary judgment seeking to dismiss plaintiff's complaint in this wrongful death action. Plaintiff's decedent was killed when he fell from an overhead crane at his place of employment while attempting to replace a missing bolt on the crane, which had been repaired the previous day by defendant crane repair service.

Defendant's primary argument is that the repairs it made to the crane were not the proximate cause of decedent's death. The issue of proximate cause is generally for the fact finder to resolve *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). In opposition to defendant's motion for summary judgment, plaintiff submitted an affidavit of an expert in the field of crane engineering and safety. Plaintiff's expert averred that, in his opinion, it was reasonably foreseeable by defendant and its employees who were familiar with this crane that, if they omitted a bolt from the bumper involved, decedent or someone in the same or similar capacity from decedent's plant would have to go out on the crane to replace it. He further averred that a company in the crane repair business, as was defendant, would be fully aware of the need to check the repairs and parts carefully, and not endanger those without the skill, equipment or training of a professional who might have to rectify defendant's mistakes. Plaintiff's response was sufficient to raise a triable issue of fact as to the issue of proximate cause in this unwitnessed fatal accident *(see, Baker v Sportservice Corp.,* 142 AD2d 991). (Appeal from Order of Supreme Court, Allegany County, Feeman, Jr., J.—Summary Judgment.) Present—Callahan, J. P., Doerr, Boomer, Green and Balio, JJ.