■ PATRICIA J. KADLECIK et al., Appellants, v VILLAGE OF ENDICOTT, Respondent, et al., Defendant.—Casey, J. Appeal from an order of the Supreme Court (Fischer, J.), entered August 2, 1990 in Broome County, which granted a motion by defendant Village of Endicott to dismiss the complaint against it for failure to state a cause of action.

Plaintiffs contend that the prior written notice of defect requirement of Village Law § 6-628 is inapplicable to this action based upon a slip and fall which occurred on a walkway near the parking lot of a golf course owned, maintained

and operated by defendant Village of Endicott in Broome County. According to plaintiffs, the fall was caused by ice and snow on the walkway, and the fall occurred as plaintiff Patricia J. Kadlecik was proceeding from her car to the clubhouse where she was to attend a luncheon in a facility run by a concessionaire pursuant to a license agreement with the Village. Plaintiffs contend that the license agreement was the functional equivalent of a lease. It is well established that when a municipality acts in a proprietary capacity, as a landlord, it is subject to the same principles of tort law as is a private landlord *(see, Miller v State of New York,* 62 NY2d 506, 511). Since prior written notice laws serve to limit or reduce a municipality's duty, they are in derogation of the common law and are to be strictly construed *(Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362, 365-366). Based upon these principles, plaintiffs contend that the prior written notice requirement of Village Law § 6-628 is not applicable when a municipality acts in a proprietary capacity as a landlord.

Regardless of the validity of the legal theory advanced by plaintiffs, we are of the view that their complaint was properly dismissed against the Village. The licensing agreement entered into by the Village and the concessionaire is expressly limited to the second floor of the clubhouse and a one-story building and open-sided pavilion. There is no proof in the record that the Village was acting in a proprietary capacity as a landlord with regard to the walkway where the fall occurred and that the walkway was not a part of the public golf course owned, operated and maintained by the Village. We also agree with Supreme Court that the location of the walkway on a public recreational facility does not preclude application of the prior written notice requirement *(see, Englehardt v Town of Hempstead,* 141 AD2d 601, *lv denied* 72 NY2d 808 [written notice requirement applicable to boardwalk on public dock]). In short, plaintiffs failed to submit any proof to show that the slip and fall did not occur on a sidewalk subject to the prior written notice requirement of Village Law § 6-628.

Plaintiffs also argue that the written notice requirement is inapplicable since the ice and snow accumulation which caused the fall was created by the affirmative acts of the Village *(see, Bown v Village of Lynbrook,* 17 NY2d 826), but the record contains no factual allegations to support this argument. Supreme Court correctly granted the Village's motion for summary judgment and its order should therefore be affirmed.

Mahoney, P. J., Weiss, Yesawich Jr. and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.