*684 OPINION OF THE COURT
Simons, J.
Plaintiff was injured when struck by an automobile while crossing the Grand Concourse near its intersection with Field Place in The Bronx. It was dark at the time of the accident and a bulb in the nearest streetlight had burned out. At issue is plaintiff’s right to damages from the City of New York based on the City’s failure to maintain the streetlight by replacing the bulb.
Plaintiff sued the driver of the car that hit her, the City of New York and Acolyte Electric Corp., the company which had contracted with the City to maintain and repair streetlights. She alleged that the City was liable because it had breached its nondelegable duties to maintain the streetlights at or near the intersection in good working order and failed to maintain the streets and roadways in a safe condition. The City and Acolyte moved for summary judgment and the trial court granted their motions. The Appellate Division initially affirmed (157 AD2d 634) but on reargument it modified the order by denying the City’s motion for summary judgment, reinstating the complaint against it, and remitting the matter to the trial court for further proceedings (164 AD2d 773). The appeal is before us by leave of the Appellate Division on a certified question. We now reverse. Plaintiff has established neither the City’s legal duty to maintain streetlights nor that the street was defective or unsafe at the accident scene.
A municipality has a duty to maintain its streets in a reasonably safe condition (see, Lopes v Rostad, 45 NY2d 617, 623; Oeters v City of New York, 270 NY 364, 368; Kamnitzer v City of New York, 265 App Div 636, 639). Although authorized to install street lighting by General City Law §20 (7), a municipality generally is required to do so only in certain situations where it is necessary to keep the street safe, i.e., where there is a defect or some unusual condition rendering the street unsafe to the traveling public (see, Griffin v Town of Harrison, 268 NY 238, 241-242; Bauer v Town of Hempstead, 143 AD2d 793, 793-794; Andrews v City of Elmira, 128 App Div 699, 701; Schlicher v City of New York, 175 Misc 696, 697, affd 264 App Div 763; 4B Warren, Negligence in the New York Courts § 67.09 [21] [b], at 424 [4th ed]). The duty to maintain existing streetlights is similarly limited to those situations in which illumination is necessary to avoid dangerous and potentially hazardous conditions (see, Mastro v Maiorino, 174 AD2d 654).
*685 In order to prevail, therefore, plaintiff had to show that the City permitted a dangerous or potentially hazardous condition to exist and cause injury (see, e.g., Bottalico v State of New York, 59 NY2d 302, 305 [roadway shoulder maintained in a dangerous condition]; Barrett v City of Buffalo, 96 AD2d 709, 710 [jury question whether city created a dangerous condition by placing a cover on a water box with inadequate support]; Prager v Motor Vehicle Acc. Ind. Corp., 74 AD2d 844, 845, affd 53 NY2d 854 [traffic light outage deemed a dangerous condition]; Meyer v State of New York, 51 AD2d 828, 829 ["malfunction reports” regarding traffic light placed State on notice of potentially hazardous condition]).* Plaintiffs claim that a light bulb burned out was not, standing alone, sufficient to establish a cause of action: she was obliged to show that by failing to replace the bulb, the City created a dangerous condition on the Grand Concourse. The most that appears, however, is that the roadway near the intersection of Field Place is large and at times busy — a condition which exists at many city intersections. The mere outage of the streetlight did not render this reasonably safe street dangerous.
Accordingly, the order of the Appellate Division should be reversed, with costs, defendant City’s motion for summary judgment granted, and the certified question answered in the negative.

 Although the City claims otherwise, plaintiff could have been entitled to damages from the resulting injuries had she proved the street was not reasonably safe without having to establish a "special relationship” between the plaintiff and the City (cf., Kircher v City of Jamestown, 74 NY2d 251, 255; Cuffy v City of New York, 69 NY2d 255, 260).