■ JERRY GRAHAM, Appellant-Respondent, v CITY OF ROCHES-

TER, Respondent, and COUNTY OF MONROE, Respondent-Appellant. CITY OF ROCHESTER, Third-Party Plaintiff-Respondent, and COUNTY OF MONROE, Third-Party Plaintiff-Respondent-Appellant, v ROCHESTER GAS & ELECTRIC, Third-Party Defendant-Respondent.—Judgment modified on the law and as modified affirmed without costs and new trial granted in accordance with the following Memorandum: On August 27, 1985 plaintiff sustained serious injuries as a result of a one-car accident while driving through the Atlantic Avenue railroad underpass in the City of Rochester. Plaintiff subsequently commenced the present action against the City of Rochester, County of Monroe and Rochester Gas & Electric, alleging that the accident and plaintiff's injuries were the result of defendants' negligence in failing to repair and maintain catch basins to prevent the flooding of the Atlantic Avenue underpass, failing to warn drivers of the dangerous condition, and failing to install and maintain adequate and sufficient lighting in the underpass. Before trial Rochester Gas & Electric's motion for summary judgment was granted. The City's cross motion for summary judgment was also granted to the extent of dismissing plaintiff's claim that the City's inadequate installation of lighting in the underpass created a dangerous condition that was a proximate cause of his accident. Supreme Court also granted that portion of the City's cross motion seeking dismissal of plaintiff's negligence claim arising from the flooding of the underpass because the City had no prior written notice of that condition. Following trial the jury returned a verdict finding that plaintiff had sustained damages in the amount of $400,000, and apportioned liability among the County of Monroe, the City and plaintiff as follows: 10% to the County of Monroe, 5% to the City, and 85% to plaintiff. The present appeal and cross appeal ensued.

Plaintiff contends that Supreme Court erred in granting summary judgment dismissing his claim that the City breached its duty to provide adequate lighting in the Atlantic Avenue underpass. We agree. The Court of Appeals in the recent case of *Thompson v City of New York* (78 NY2d 682, *rearg denied* 79 NY2d 916) set forth the duty owed by a municipality with respect to street lighting. The Court stated that a municipality has the duty to provide sufficient lighting "where it is necessary to keep the street safe, i.e., where there is a defect or some unusual condition rendering the street unsafe to the traveling public" *(Thompson v City of New York, supra,* at 684). Plaintiff's proof, in response to the City's summary judgment motion, showed that limited daytime

lighting of the underpass did not conform to the lighting requirement of the New York State Highway Design Manual, and that a dangerous condition resulted from that inadequate lighting, viz., a black hole effect that prevented motorists entering the underpass from being able to observe obstacles in the roadway. Plaintiff asserted that, because of the deficient lighting in the underpass, he was unable to see the water that had accumulated in the underpass, which caused or contributed to his accident. Because a question of fact exists whether the City breached its duty to provide adequate lighting in the underpass to keep the street safe, the City's motion for summary judgment should have been denied.

The trial court's erroneous dismissal of plaintiff's inadequate lighting claim also deprived plaintiff of a fair opportunity to prove at trial his claim that the City's inadequate maintenance of the lighting in the underpass created a dangerous condition that was a proximate cause of the accident and his injuries. We, therefore, grant a new trial on the issue of the City's liability and plaintiff's comparative fault. No issue having been raised regarding the jury's $400,000 damage award, we affirm that portion of the verdict. We further conclude that the evidence supported the jury's determination that the County was 10% liable. Because Supreme Court's erroneous dismissal of a portion of plaintiff's claim against the City may have contributed to the jury's finding against the County, we also remit the issue of the County's liability for a new trial unless, within 30 days of the date of this order, the County stipulates to the entry of a judgment against it in the amount of $40,000. That option is granted to the County because none of the parties has contested the jury's determination that the County is 10% liable. Moreover, the only possible effect of the court's error upon the County's share of liability was to increase the County's share to a percentage higher than it might have been. Thus, neither the plaintiff nor the City will be aggrieved if the County exercises its option and its percentage of liability remains at 10%. If the County so stipulates, the new trial between plaintiff and the City shall be limited to the apportionment of their liability for the remaining $360,000 in damages sustained by plaintiff as a result of the accident.

We have reviewed the remaining issues raised on appeal and cross appeal and find them to be without merit.

All concur, except Callahan, J. P., who dissents in part in the following Memorandum.

Callahan, J. P., (dissenting). I agree with the majority that

there should be a modification of the judgment for the reasons enumerated. The errors, however, also may have contributed to the jury's finding against the County. I know of no authority or precedent which permits fixing the County's culpability at 10% as a matter of law. That ruling infringes upon the rights of the remaining parties. It is well established that proximate cause is a question of fact for the jury to determine *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; *Taylor v Prostall, Inc.,* 174 AD2d 982, 983).

In my view, a new trial is necessary to determine the liability of the defendant, City of Rochester, if any, and the responsibility of all other parties. "In light of the apportionment rule among joint tort-feasors (CPLR 1401-1404) and the adoption of a rule of comparative negligence (CPLR 1411), the responsibilities of defendants to the plaintiff as well as to themselves are best determined by the same jury at one time." *(Monell v City of New York,* 84 AD2d 717, 718.) (Appeals from Judgment of Supreme Court, Monroe County, Affronti, J.—Negligence.) Present—Callahan, J. P., Boomer, Lawton, Boehm and Davis, JJ. (Filed May 13, 1992.)