■ Virginio Cippitelli et al., Appellants-Respondents, v Town of Niskayuna et al., Respondents-Appellants, and Fred Jackson, Respondent. [610 NYS2d 622] —Cardona, P. J. Cross appeals from an order of the Supreme Court (Doran, J.), entered March 10, 1993 in Schenectady County, which, *inter alia,* partially granted certain defendants' motions for orders of preclusion.

Plaintiffs own a parcel of property located in the Town of Niskayuna, Schenectady County, surrounded on three sides by property owned by, among others, defendants Alexander Jackson and Jackson Demolition Service, Inc. (collectively referred to as the Jackson defendants). In August 1984, plaintiffs commenced an action, sounding in nuisance, alleging that from 1978 until 1984 the Jackson defendants operated an illegal dump containing hazardous and noxious materials which contaminated their property and caused injury to their physical and emotional health and injury to their property. In particular, plaintiffs alleged that on one occasion, in or about April 1978 or May 1978, they were exposed to human remains, later established to have been deposited on the site by the Jackson defendants with debris from a medical lab they had demolished. In addition, plaintiffs alleged two causes of action against defendant Town of Niskayuna for negligent supervision and de facto condemnation which sought recovery for property damages.

Plaintiffs filed a note of issue in July 1988 and a trial that was commenced in February 1990 ended in a mistrial. In May 1990, plaintiffs moved pursuant to CPLR 3120 (a) (1) (ii) for an order permitting them to enter upon the Jackson defendants' land for the purpose of inspecting and conducting tests. That motion was denied by Supreme Court and thereafter plaintiffs elicited the assistance of their Member of the State Assembly, James Tedisco. Plaintiffs, however, did not inform him about the Supreme Court order denying inspection and testing. On October 15, 1990 Tedisco wrote to Ward Stone, an associate wildlife pathologist at the Department of Environmental Con-

servation, requesting him to investigate. Sometime in October 1990 Stone, acting in plaintiff Joann Cippitelli's presence, entered upon the Jackson defendants' property without their knowledge and authorization and collected soil for testing. A report of the test results was released to plaintiffs' counsel and then to the media. Defendants first learned of the incursion onto the property from Stone's press release published on or about December 29, 1990. In January 1992, shortly before the rescheduled trial date, plaintiffs notified defendants that they intended to call Stone as a witness. Sometime thereafter, plaintiffs requested and received an adjournment of the trial to November 2, 1992. On or about August 31, 1992 plaintiffs served a supplemental bill of particulars. By motion dated September 28, 1992, the Jackson defendants moved to preclude the introduction by plaintiffs of evidence concerning plaintiffs' exposure to the human organs, defendants' acts allegedly related to plaintiffs' causes of action which occurred prior to September 1, 1981, and the tests, reports, correspondence and testimony of Stone. The motion also sought to strike plaintiffs' supplemental bill of particulars on the grounds that it contained a new theory of liability, new injuries and new medical expenses.

Supreme Court precluded plaintiffs from introducing any evidence concerning defendants' acts prior to September 1, 1981, except for plaintiffs' exposure to the human remains, and also precluded the reports, tests, correspondence and testimony of Stone. Supreme Court denied defendants' request to strike the supplemental bill of particulars. Defendants appeal from that part of the order that denied the request to preclude evidence of plaintiffs' alleged exposure to the human organs or remains in 1978 and the request to strike the supplemental bill of particulars. Plaintiffs cross-appeal from that part of the order that granted preclusion of the reports, tests, correspondence and testimony of Stone.

Supreme Court's earlier decision in June 1990 clearly barred plaintiffs from inspecting and conducting tests upon the Jackson defendants' property. "When that which is not obtainable has been obtained, the only appropriate judicial response is to attempt through suppression to restore the status quo prior to the unauthorized disclosure" (*Matter of Weinberg,* 129 AD2d 126, 138). Supreme Court appropriately exercised its authority to suppress under CPLR 3103 (c) in order to preserve the integrity of the judicial process.

Plaintiffs' action was commenced in August 1984. Because plaintiffs' causes of action are based upon a continuing nui-

sance, damages are only recoverable to the extent that they were sustained during the three years immediately preceding commencement *(see,* CPLR 214; *Kulpa v Stewart's Ice Cream,* 144 AD2d 205, 207; *State of New York v Schenectady Chems.,* 103 AD2d 33; *Kearney v Atlantic Cement Co.,* 33 AD2d 848). Thus, Supreme Court correctly precluded evidence of defendants' acts occurring before September 1, 1981. However, Supreme Court should have also precluded plaintiffs from offering evidence regarding their alleged exposure to human remains, as the undisputed evidence established that this occurrence fell outside the applicable three-year period. Furthermore, because this was a single incident occurring on one day in April 1978, it has no value as evidence of the conditions existing at the dumpsite after September 1, 1981.

The supplemental bill of particulars set forth a new claim against the Town of negligent infliction of emotional distress. Previously, plaintiffs had only sought to recover property damages against the Town. The Town had no prior notice of this claim and no reason appears in the record for the delay in asserting it. Therefore, Supreme Court abused its discretion in denying the Town's motion to strike the supplemental bill of particulars *(see, March v St. Volodymyr Ukranian Catholic Church,* 117 AD2d 864, 866). Plaintiffs' complaint, amended complaint and bill of particulars against the Jackson defendants did set forth claims for emotional injuries. They had prior notice of this claim and, therefore, their motion to strike the supplemental bill of particulars was properly denied.

Mercure, White, Weiss and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motions of defendants Alexander Jackson, Jackson Demolition and Town of Niskayuna to preclude plaintiffs from introducing evidence of plaintiffs' alleged exposure to human organs and/or remains in 1978 and denied defendant Town of Niskayuna's motion to strike plaintiffs' supplemental bill of particulars; said motions are granted to the extent of precluding plaintiffs from offering such evidence and striking so much of plaintiffs' supplemental bill of particulars as asserted a claim for emotional harm against defendant Town of Niskayuna; and, as so modified, affirmed.