■ MARY CRACAS et al., Respondents, v KRISTEN ZISKO et al., Respondents, and TOWN OF BROOKHAVEN, Appellant. [612 NYS2d 55] —In an action to recover damages for personal injuries, the defendant Town of Brookhaven, appeals from an order of

the Supreme Court, Suffolk County (Oshrin, J.), dated June 10, 1993, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as they are asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and cross claims are dismissed insofar as they are asserted against the Town of Brookhaven, and the action as against the defendants Zisko is severed.

On December 16, 1991, at approximately 6:45 P.M., the plaintiff Mary Cracas was struck by a motor vehicle as she attempted to cross Hawkins Avenue in the Town of Brookhaven (hereinafter the Town). She commenced the instant action against the owner and driver of the vehicle. She also sued the Town alleging that it had been negligent in failing to replace a burned-out lightbulb on the street lamp nearest the accident scene.

The Town moved for summary judgment seeking dismissal of the complaint and all cross claims asserted against it. The Town argued, *inter alia,* that it had not received written notice of the allegedly defective condition prior to the time of the accident, that it had no duty to install or maintain street lights, and in any event, the burned-out light in question was not a proximate cause of the accident because the vehicle's headlights were on.

We agree with the Supreme Court's determination that the Town's prior written notice statute is inapplicable under the circumstances of this case. The statute in question applies to traversable surfaces, structures or appurtenances, and cannot be construed as applying to a burned-out street light *(see, Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362; *Unger v Village of Fayetteville,* 175 AD2d 606).

However, we agree with the Town's argument that it was under no duty to replace the burned-out bulb. A municipality's duty to maintain existing street lights is limited to those situations in which illumination is necessary to avoid dangerous and potentially hazardous conditions *(see, Thompson v City of New York,* 78 NY2d 682, 684; *Mastro v Maiorino,* 174 AD2d 654). The plaintiff's allegation at bar that the accident site was dark is insufficient to establish the existence of such a duty on the Town. There is no allegation or evidence indicating that there was a defect or hazardous condition in the roadway, and there is no showing in the record that the Town created a dangerous condition at the site of the accident *(see,*

*Dowlin v City of New York,* 81 NY2d 81; *Thompson v City of New York, supra).* Under the circumstances summary judgment should have been granted in favor of the Town dismissing the complaint and all cross claims asserted against it. Thompson, J. P., Sullivan, Ritter and Friedmann, JJ., concur.