(January 29, 1996)

■ MICHAEL S. ABBOTT, Respondent, v COUNTY OF NASSAU et al., Defendants, and INCORPORATED VILLAGE OF LATTINGTOWN, Appellant. [637 NYS2d 216] —In an action to recover damages for personal injuries, the defendant Incorporated Village of Lattingtown appeals from so much of an order of the Supreme Court, Nassau County (Yachnin, J.), dated November 30, 1994, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellant's motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff was riding his bicycle at about 2:00 A.M. on Lattingtown Road in the defendant Incorporated Village of Lattingtown (hereinafter the Village) when he struck a pothole that caused him to fall and sustain injuries. The plaintiff commenced this action against, *inter alia*, the Village, alleging that it had failed to properly illuminate the roadway. The papers submitted in support of and in opposition to the Village's motion for summary judgment reveal that there were working street lights in the vicinity of the accident, but that they were obscured by tree branches.

The duty to maintain existing streetlights is limited to those situations in which illumination is necessary to avoid dangerous and potentially hazardous conditions (*see, Thompson v City of New York*, 78 NY2d 682; *Cracas v Zisko*, 204 AD2d 382). A pothole is not the type of dangerous and potentially hazardous condition that imposes a duty on the Village to trim the tree branches that obscure the street lights. Mangano, P. J., Thompson, Friedmann and Florio, JJ., concur.