■ MARJORIE GREENBERG, Respondent, v KEVIN McLAUGH-LIN et al., Defendants, and VILLAGE OF SAG HARBOR, Appellant. [662 NYS2d 100] —In a negligence action to recover damages for personal injuries, the defendant Village of Sag Harbor appeals from an order of the Supreme Court, Suffolk County (Stark, J.), dated May 15, 1996, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Village of Sag Harbor, and the action against the remaining defendants is severed.

At approximately 9:30 P.M. on August 6, 1994, the plaintiff allegedly tripped and fell on a raised sidewalk flag in front of the premises located at 272 Main Street in the Village of Sag Harbor. The plaintiff commenced the instant action to recover damages for the injuries she allegedly sustained. The defendant Village of Sag Harbor moved for summary judgment based upon the plaintiff's failure to comply with the prior written notice requirements of Sag Harbor Village Code § 34-1 (A). The Supreme Court denied the motion, agreeing with the plaintiff that discovery ought to be obtained under CPLR 3212 (f). We disagree.

The Village established its entitlement to summary judgment by submitting the affidavits of the Village Clerk and the Superintendent of Highways indicating that the Village had never received prior written notice of the alleged defective sidewalk (*see, West v Village of Mamaroneck,* 172 AD2d 827; *Feiner v Incorporated Vil. of Farmingdale,* 168 AD2d 418; *Goldberg v Town of Hempstead,* 156 AD2d 639). The plaintiff failed to produce evidence sufficient to create a triable issue of fact as to notice, and this case does not fall into any of the narrow exceptions to the prior written notice requirement (*see, Farnsworth v Village of Potsdam,* 228 AD2d 79; *Amarante v Village of Tarrytown,* 226 AD2d 488; *Gutierrez v Cohen,* 227 AD2d 447). Moreover, there was no duty on the part of the Village to

provide street lighting for the area where the plaintiff allegedly fell (see, Abbott v County of Nassau, 223 AD2d 662; Bauer v Town of Hempstead, 143 AD2d 793).

While it is true that CPLR 3212 (f) permits an opposing party to obtain further discovery under certain circumstances, it should not be resorted to where, as here, there has been a failure to demonstrate that the discovery being sought is anything more than a fishing expedition (see, Zarzona v City of New York, 208 AD2d 920; Kenworthy v Town of Oyster Bay, 116 AD2d 628; see also, Auerbach v Bennett, 47 NY2d 619, 636). Joy, J. P., Goldstein, Florio and Luciano, JJ., concur.