■ MICHAEL N. DARIUS, Appellant-Respondent, v DEBORAH A. B. DARIUS, Individually and as Executor of HAROLD BASSETT, Deceased, Respondent-Appellant, et al., Defendant. (And a Third-Party Action.) [665 NYS2d 447] —Peters, J. (1) Cross appeals from an order of the Supreme Court (Dawson, J.), entered March 6, 1997 in Warren County, which, *inter alia*, denied plaintiff's motion for summary judgment and partially denied a cross motion by defendant Deborah A. Bassett Darius for summary judgment, and (2) appeal from an order of said court, entered April 4, 1997 in Warren County, which, *inter alia*, partially denied said defendant's motion to vacate an injunction.

Plaintiff was a longtime friend of Harold Bassett (hereinafter decedent), who died on January 31, 1993. Decedent's wife, defendant Deborah A. Bassett Darius (hereinafter defendant), was appointed executor of his estate which was ultimately valued at approximately $6 million including his business, H.B. Slate Company.

In March 1993, plaintiff moved back to Warren County and began to assist defendant with the management of the estate and decedent's business. On April 6, 1993, both parties prepared holographic wills stating that they each left all of their assets to the other. According to defendant, three days later, while she was depressed and intoxicated, they were married by a Justice of the Peace, also intoxicated, in a bar in Vermont. As this was an unanticipated event, none of defendant's friends or family were present. Thereafter, Paul Pontiff, an attorney in Warren County who had been hired to represent the estate, prepared wills incorporating, *inter alia*, the terms of the parties' previously executed holographic wills.

On April 20, 1993, the parties met with Pontiff at which time defendant gave plaintiff a general power of attorney. Thereafter, several bank accounts were opened either jointly or in their individual names listing the same assets. On June 9, 1993, the parties entered into an employment agreement whereby H.B. Slate would employ plaintiff subject to certain terms and provisions regarding termination (hereinafter the employment contract). On June 30, 1993, the parties entered into a postnuptial agreement which provided, *inter alia*, that the real and personal property owned by the parties jointly or separately would be held equally by the parties as joint tenants or tenants in common.

On November 4, 1993, plaintiff commenced this action seeking, *inter alia*, a judgment of divorce on the grounds of cruel and inhuman treatment and adultery, as well as specific performance of both the postnuptial agreement and employment contract. Defendant, individually and in her capacity as executor, served an amended answer and counterclaimed for, *inter alia*, a judgment of divorce on the basis of adultery and cruel and inhuman treatment, an annulment and rescission of the postnuptial agreement and employment contract.

Both parties moved for summary judgment. Supreme Court denied all motions except that portion of defendant's cross motion declaring the parties' postnuptial agreement null and void and for an order precluding plaintiff from using the August 2, 1996 deposition transcript of defendant's treating psychologist, Martin Marrazo, conducted in the absence of defendant's counsel. Supreme Court also granted partial summary judgment to defendant directing plaintiff to return moneys owed. Both parties appeal.

Prior to plaintiff's motion for summary judgment, plaintiff sought and obtained an order enjoining defendant from transferring or encumbering the different bank accounts

opened either individually or jointly after April 20, 1993, the date that defendant gave plaintiff the general power of attorney. Supreme Court denied defendant's cross motion seeking disbursement of only one of those accounts. Defendant thereafter moved to vacate the injunction and sought the distribution of decedent's estate. Plaintiff cross-moved for, *inter alia*, an order denying defendant's request and for a stay of all further proceedings pending resolution of the appeal from Supreme Court's first order. This prompted defendant to cross-move for an order directing the funds contained in one of the accounts to be disbursed or, alternatively, for an order disbursing the funds in decedent's account to defendant. Supreme Court vacated the injunction by releasing one of the parties' joint accounts to the extent that each party could receive one half of such funds, prompting defendant's appeal from the second order.*

Addressing first Supreme Court's determination that the postnuptial agreement between these parties was null and void, we find no error. The clear and unambiguous language of the postnuptial agreement provided that: "Property, both real and personal, now owned by either of the parties jointly or separately as set forth in the attached schedules, as well as any and all assets acquired by [defendant] from the Estate of [decedent], shall be held, used, and owned by them as joint tenants, or as tenants in common in equal interest during their lives." Since such agreement was premised upon specifically identifiable real and personal property which was never included therein, Supreme Court found that an "essential term" was omitted, thus precluding enforcement (*see, Sagan v Sagan*, 73 AD2d 509, *mod* 53 NY2d 635). Contrary to defendant's reliance on *Cobble Hill Nursing Home v Henry & Warren Corp.* (74 NY2d 475, *cert denied* 498 US 816) and *Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.* (78 NY2d 88), we do not find evidence that the parties agreed to refer to any objective extrinsic standard. Moreover, the record reflects that Pontiff, as counsel to both parties, continuously informed them that they should consult independent counsel and that full financial disclosure before the inclusion of the referenced schedules was required to make the agreement enforceable. During such times, Pontiff continuously advised them that he did not have the financial data available to him to prepare the requisite schedules.

---

* This Court granted defendant's motion to supplement the record on appeal and to consolidate the two appeals and denied that portion of a motion made to strike part of the record.

Concerning plaintiff's contention that Supreme Court improperly granted defendant partial summary judgment on her cross motion for an order directing him to return certain moneys he allegedly misappropriated, we agree that the existence of the power of attorney created a triable issue of fact which may preclude a finding of conversion (*see, Key Bank v Grossi*, 227 AD2d 841, 843). Accordingly, the award of partial summary judgment on this issue was error.

As to the suppression of the deposition testimony of defendant's treating psychologist, we note that a predominant issue in this litigation concerned defendant's mental health from the time of decedent's illness through her subsequent marriage to plaintiff. Since such deposition testimony was taken after plaintiff's counsel received notice that defendant's counsel was unable to attend and after Supreme Court rendered a directive that no such deposition should take place on the scheduled date, we find no error (*see*, CPLR 3103 [c]; *see also*, CPLR 3104 [a]; *Cippitelli v Town of Niskayuna*, 203 AD2d 632, 633).

In further reviewing the motions made by each of these parties seeking a dissolution of this marriage upon the grounds of adultery, cruel and inhuman treatment or an annulment, we agree with Supreme Court that neither party adequately sustained their burden on the issues raised to warrant a summary determination at this juncture (*see*, Domestic Relations Law § 144; *Zuckerman v City of New York*, 49 NY2d 557).

Finally, in light of Supreme Court's determination, affirmed here, that the postnuptial agreement is null and void, defendant correctly contends that the court should have permitted the disbursement of account No. 663-08118-15-304—the account listed under defendant's name as executor of the estate—and should have thereafter granted her subsequent motion to vacate the preliminary injunction and direct the distribution of the other three accounts listed in the name of the estate.

As to all remaining contentions, including those pertaining to discovery and the validity of the employment contract, we find that Supreme Court properly assessed such issues for the reasons therein stated.

Accordingly, we reverse so much of Supreme Court's order entered March 6, 1997 as granted defendant partial summary judgment for the return of $40,000 and as denied defendant's cross motion to vacate the injunction of January 23, 1995 with respect to account No. 663-08118-15-304. With respect to Supreme Court's order entered April 4, 1997 which denied defendant's motion to vacate the injunction of January 23, 1995 with respect to the three remaining accounts listed in the name of the estate, we hereby grant said motion.

Mercure, J. P., Crew III, White and Spain, JJ., concur. Ordered that the order entered March 6, 1997 is modified, on the law, without costs, by reversing so much thereof as (1) partially granted defendant Deborah A. Bassett Darius' cross motion for return of $40,000 from plaintiff, and (2) denied said defendant's cross motion to vacate the January 23, 1995 injunction with respect to account No. 663-08118-15-304;. cross motion denied with respect to the $40,000 and granted with respect to account No. 663-08118-15-304; and, as so modified, affirmed. Ordered that the order entered April 4, 1997 is modified, on the law, without costs, by reversing so much thereof as denied defendant Deborah A. Bassett Darius' motion to vacate the January 23, 1995 injunction with respect to the three remaining bank accounts; motion granted with respect to the three remaining bank accounts; and, as so modified, affirmed.