■ GERALD HAYDEN et al., Individually and as Parents and Natural Guardians of MOLLY HAYDEN, Respondents, v KIMBERLE A. WARD et al., Defendants, and TOWN OF ELLICOTTVILLE, Appellant. (Appeal No. 1.) [723 NYS2d 788] —Order unanimously reversed on the law without costs, motion granted and complaint against defendant Town of Ellicottville dismissed. Memorandum: Supreme Court erred in denying the motions of defendant Town of Ellicottville (Town) for summary judgment dismissing the complaints against it. Molly Hayden, the daughter of plaintiffs in appeal No. 1 and the subrogee of plaintiff in appeal No. 2, was injured when she attempted to cross a road at an intersection at night and was struck by a vehicle. Plaintiffs alleged that the Town was negligent in failing to provide adequate lighting at the intersection. A municipality "generally is required to [install street lighting] only in certain situations where it is necessary to keep the street safe, i.e., where there is a defect or some unusual condition rendering the street unsafe to the traveling public" (*Thompson v City of New York,* 78 NY2d 682, 684, *rearg denied* 79 NY2d 916; *see,* Highway Law § 327; *see also, Abbott v County of Nassau,* 223 AD2d 662). In this case, plaintiffs failed to allege in the complaint that a defect or unusual condition existed at the intersection, nor did they submit evidence of such a defect or unusual condition in opposition to the Town's motions (*see, Cracas v Zisko,* 204 AD2d 382, 383-384; *cf., Graham v City of Rochester,* 184 AD2d 990, 991-992). Plaintiffs' allegation "that the accident site was dark is insufficient to establish the existence of [a duty to install street lighting] on the Town" (*Cracas v Zisko, supra,* at 383). (Appeal from Order of Supreme Court, Erie County, Mahoney, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.