■ PATRICIA LEE et al., Respondents, v JAMES MORRIS, Respondent. (Action No. 1.) PATRICIA LEE et al., Respondents, v TOWN OF BROOKHAVEN, Appellant. (Action No. 2.) [747 NYS2d 233]

The injured plaintiff was speed-walking at about 6:00 A.M. in the Town of Brookhaven (hereinafter the Town) when she was struck by a car. The plaintiffs commenced an action (Action No. 2) against the Town, alleging that it failed to properly illuminate the roadway. The plaintiffs also commenced an action (Action No. 1) against the car's owner and driver, who subsequently asserted a claim against the Town.

The record shows that the streetlight at the scene of the accident was not working. However, in opposition to the Town's initial motion for summary judgment, the injured plaintiff claimed for the first time that she was walking in the roadway to avoid leaves in her path that the malfunctioning streetlight did not illuminate. Accordingly, this new theory will not bar the granting of summary judgment (*see Alvarez v Lindsay Park Hous. Corp.,* 175 AD2d 225).

In any event, the duty to maintain existing streetlights is limited to those situations in which illumination is necessary to avoid dangerous and potentially dangerous conditions (*see Thompson v City of New York,* 78 NY2d 682; *Cracas v Zisko,* 204 AD2d 382). The accumulation of scattered leaves on the ground is not the type of dangerous and potentially hazardous condition that imposed a duty to illuminate on the Town (*see e.g. Abbott v County of Nassau,* 223 AD2d 662). Santucci, J.P., McGinity, Luciano and Adams, JJ., concur.