■ Santina Murine, Appellant, v City of Utica, Respondent. [834 NYS2d 761]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered April 5, 2006 in a personal injury action. The order granted defendant's motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the complaint insofar as it

alleges that defendant was negligent in failing to provide proper illumination and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when she allegedly "tripped in a crater" in a paved driveway in a park owned by defendant, City of Utica (City). The accident occurred when plaintiff was leaving the park following a City-sponsored Fourth of July fireworks display. Supreme Court properly granted that part of the City's motion seeking dismissal of the complaint insofar as it alleges that plaintiff's injuries were the result of the dangerous condition of the driveway. Plaintiff failed to allege compliance with the City's prior written notice requirement (*see* City of Utica Charter § 1.016; Second Class Cities Law § 244), and the City established that it did not receive prior written notice of the allegedly dangerous condition of the driveway (*see Brooks v Village of Horseheads*, 14 AD3d 756, 757 [2005]). Contrary to plaintiff's contention, that requirement applies to a driveway located within a City-owned park (*see Morzello v Village of Briarcliff Manor*, 260 AD2d 611 [1999]; *Kadlecik v Village of Endicott*, 174 AD2d 923, 924 [1991]; *see also Bielecki v City of New York*, 14 AD3d 301 [2005]; *Englehardt v Town of Hempstead*, 141 AD2d 601, 602 [1988], *lv denied* 72 NY2d 808 [1988]). The prior written notice requirement does not apply, however, to the allegation of plaintiff that her injuries resulted from the City's negligent failure to provide proper illumination in the area of the driveway following the fireworks display (*see Cracas v Zisko*, 204 AD2d 382, 383 [1994]; *see also Gagnon v City of Saratoga Springs*, 14 AD3d 845, 846-847 [2005]). The court therefore erred in granting the City's motion in its entirety, and we modify the order accordingly. Present—Gorski, J.P., Lunn, Fahey, Green and Pine, JJ.