■ JOYCE GAGNON et al., Appellants, v CITY OF SARATOGA SPRINGS, Respondent. [858 NYS2d 797]—

Peters, J. Appeal from an order of the Supreme Court (Williams, J.), entered May 10, 2007 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

On July 4, 2002 plaintiff Joyce Gagnon (hereinafter plaintiff) and her family attended a fireworks display in Congress Park in the City of Saratoga Springs, Saratoga County sponsored by defendant. Before the display ended, plaintiff and her family began to exit the park along a crowded paved walkway. Due to the congestion on the walkway, plaintiff traversed a grassy area which led to a street that exited the park. Upon reaching the point where the grass ended, plaintiff's foot caught the lip of the curb, which was slightly higher in elevation than the grassy area, causing her to fall onto the pavement and sustain numerous injuries.

Plaintiff and her husband, derivatively, timely filed a notice of claim and subsequently commenced this action against defendant, alleging that defendant was negligent in failing to maintain adequate lighting in the park and negligently constructed, designed and maintained the curb upon which plaintiff tripped. Prior to joinder of issue, defendant moved to dismiss

the complaint and, upon Supreme Court's denial of the motion, this Court affirmed (14 AD3d 845 [2005]). Defendant thereafter moved for summary judgment dismissing the complaint, alleging, among other things, that it had no prior written notice of any alleged defect as required by Saratoga Springs City Charter § C-55 and that it had no duty to provide lighting at the location of plaintiff's fall. In opposition, plaintiffs contended that defendant affirmatively created the allegedly dangerous conditions, thereby obviating the prior written notice requirement. Supreme Court granted defendant's motion and this appeal ensued.

It is well settled that where, as here, a municipality has enacted a prior written notice statute[1] pertaining to its thoroughfares or sidewalks, it cannot be held liable unless such written notice of the allegedly defective or dangerous condition was actually given (*see Smith v Village of Hancock*, 25 AD3d 975, 975 [2006]; *Dalton v City of Saratoga Springs*, 12 AD3d 899, 900 [2004]). Here, defendant sustained its initial evidentiary burden by submitting the affidavit of its Deputy Commissioner of Public Works, who averred that a review of the relevant records revealed that no written notice of the alleged defect or unsafe condition had been received (*see Dalton v City of Saratoga Springs*, 12 AD3d at 900; *Hendrickson v City of Kingston*, 291 AD2d 709, 709 [2002], *appeal dismissed and lv denied* 98 NY2d 662 [2002]). The burden thus shifted to plaintiffs to raise an issue of fact regarding the applicability of a recognized exception to the prior written notice requirement (*see Fuhrmann v City of Binghamton*, 31 AD3d 1036, 1037 [2006]; *Pagillo v City of Oneonta*, 25 AD3d 1044, 1044-1045 [2006], *lv denied* 7 NY3d 704 [2006]). Plaintiffs asserted that prior written notice was obviated because defendant "created the defect or hazard through an affirmative act of negligence" (*Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *see Cotch v City of Albany*, 37 AD3d 1012, 1013 [2007]), yet failed to proffer any evidence that the difference in height between the grassy area and the abutting curb was affirmatively created by defendant, rather than the result of natural settlement of the grass in relation to the curb over time (*see Brooks v Village of*

1. Saratoga Springs City Charter § C-55 provides, in pertinent part: "No civil action shall be maintained against the city for damages or injuries to person or property sustained in consequence of any street . . . being out of repair, unsafe, dangerous or obstructed, . . . unless it appears that written notice of the defective, unsafe, dangerous or obstructed condition . . . was actually given to the Commissioner of Public Works and there was a failure or neglect within a reasonable time after the giving of such notice to repair or remove the defect, danger or obstruction complained of."

*Horseheads*, 14 AD3d 756, 757 [2005]; *see also Galante v Village of Sea Cliff*, 13 AD3d 577, 578 [2004]; *Corey v Town of Huntington*, 9 AD3d 345, 346 [2004]).[2] In the absence of such proof, Supreme Court properly dismissed this cause of action (*see Yarborough v City of New York*, 10 NY3d 726, 727-728 [2008]).

With respect to plaintiffs' claim that defendant negligently failed to adequately illuminate the park in the area of plaintiff's fall, the prior written notice requirement is inapplicable since Saratoga Springs City Charter § C-55 only applies to physical conditions in or on traversable surfaces, structures or appurtenances (*see Murine v City of Utica*, 39 AD3d 1237, 1238 [2007]; *Cracas v Zisko*, 204 AD2d 382, 383 [1994]; *see also Alexander v Eldred*, 63 NY2d 460, 467 [1984]; *Doremus v Incorporated Vil. of Lynbrook*, 18 NY2d 362, 365-366 [1966]). Therefore, our analysis is guided by the general principle that "a municipality is under a duty to maintain its park . . . facilities in a reasonably safe condition" (*Rhabb v New York City Hous. Auth.*, 41 NY2d 200, 202 [1976]). Here, the record reveals that there were approximately 60 overhead light fixtures scattered throughout the park, one of which was located in the vicinity of the curb where plaintiff fell. Notwithstanding testimony that the fixtures were equipped with photo cells which caused them to automatically illuminate, plaintiff, her daughter and a nonparty witness each testified that the lights within the park were not on at the time of plaintiff's fall. However, "[i]n order for plaintiff[s] to establish a prima facie case of defendant's negligence with respect to [the] allegation of inadequate lighting, [they] must establish that defendant had a duty to light *the area where she was injured*" (*Lauria v City of New Rochelle*, 225 AD2d 1013, 1014 [1996] [emphasis added]; *see Bauer v Town of Hempstead*, 143 AD2d 793, 794 [1988]). Such a duty is "limited to those situations in which illumination is necessary to avoid dangerous and potentially hazardous conditions" (*Thompson v City of New York*, 78 NY2d 682, 684 [1991]). The slight height differential between the grass and the curb, in an area which was not intended to be traversed, is not the type of dangerous or hazardous situation that defendant had a duty to illuminate (*see Lee v Morris*, 297 AD2d 626, 627 [2002], *lv denied* 99 NY2d 508 [2003]; *Greenberg v McLaughlin*, 242 AD2d 603, 603-604 [1997]; *Lauria v City of New Rochelle*, 225 AD2d at 1014; *Abbott v County of Nassau*, 223 AD2d 662, 662 [1996]).

---

2. Indeed, plaintiffs alleged in their bill of particulars that defendant constructed the subject curb and "allowed the land adjacent to the [curb to] be developed to a point in which there was a height difference between the [curb] and the ground."

Lastly, we decline to consider plaintiffs' claim that defendant was negligent in failing to provide adequate crowd control on the park's pathways, as this new theory of liability is based upon facts not asserted in the notice of claim and was raised for the first time in their supplemental bill of particulars served more than four years after plaintiff's accident (*see Mahase v Manhattan & Bronx Surface Tr. Operating Auth.*, 3 AD3d 410, 411 [2004]; *White v New York City Hous. Auth.*, 288 AD2d 150, 150 [2001]; *Cippitelli v Town of Niskayuna*, 203 AD2d 632, 634 [1994]; *see also* General Municipal Law § 50-e [5], [6]).

Mercure, J.P., Rose and Kane, JJ., concur.

Malone Jr., J. (dissenting). Because I am of the view that there are questions of fact concerning plaintiffs' cause of action premised on the lack of adequate lighting in the vicinity where plaintiff Joyce Gagnon (hereinafter plaintiff) fell, I would deny defendant's motion for summary judgment. It is well settled that, as a landowner, defendant has a duty to illuminate those areas where it is necessary to avoid dangerous and potentially hazardous conditions (*see Thompson v City of New York*, 78 NY2d 682, 684 [1991]). In the case at hand, there were approximately 60 overhead light fixtures located throughout the downtown park, at least one of which was near the area where plaintiff fell. There was unequivocal deposition testimony by an eyewitness that the lights had been turned off when the fireworks started, probably to facilitate a better viewing of the fireworks. As the event drew some 8,000 people to the park, it was clearly foreseeable that they would be scattered throughout it, walking on both the paved and grassy areas in the darkness. The pictures of the location of plaintiff's fall show a protruding concrete curb several inches high running between the grassy and paved areas that clearly presented a tripping hazard to those walking from the grass to the pavement. Whether the protruding curb would have been observed and avoided by plaintiff if there had been better lighting in the vicinity is, in my view, a question of fact for a jury to resolve (*see e.g. Sousie v Lansingburgh Boys & Girls Club*, 291 AD2d 619 [2002]).

Ordered that the order is affirmed, without costs.