■ KAREN DiLEO, Appellant, v TOWN/VILLAGE OF HARRISON, Respondent. [866 NYS2d 742]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), dated May 8, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured after falling over an allegedly defective storm drain at an intersection in the Town/Village of Harrison. The plaintiff claimed that there was also an inoperable streetlight at that location. The defendant moved for summary judgment on the ground, inter alia, that it had not received prior written notice of the allegedly defective storm drain as required by the Town/Village of Harrison Code, art I, § 32-1. The Supreme Court granted the motion. We affirm.

The evidence submitted by the defendant established, prima facie, that the defendant did not receive prior written notice of the allegedly defective storm drain and/or the surrounding pavement (see Town/Village of Harrison Code, art I, § 32-1; General Municipal Law § 50-e [4]; Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; Boddie v City of New Rochelle, 233 AD2d 284 [1996]; see also Patti v Town of N. Hempstead, 23 AD3d 362, 363 [2005]; Betzold v Town of Babylon, 18 AD3d 787 [2005]). The evidence submitted by the plaintiff in opposition failed to raise an issue of fact as to whether the defendant received such prior written notice or whether an exception to the prior written notice requirement applied (see Patti v Town of N. Hempstead, 23 AD3d at 363; Betzwold v Town of Babylon, 18 AD3d at 787; Boddie v City of New Rochelle, 233 AD2d at 284). Further, the Town did not have a duty to provide street lighting for the area where the plaintiff allegedly fell (see Greenberg v McLaughlin, 242 AD2d 603, 603-604 [1997]; Abbott v County of Nassau, 223 AD2d 662 [1996]; Bauer v Town of Hempstead, 143 AD2d 793, 794 [1988]). Rivera, J.P., Lifson, Miller and Eng, JJ., concur.