Parthesius v Town of Huntington (2022 NY Slip Op 06254)

Parthesius v Town of Huntington

2022 NY Slip Op 06254

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-06911
 (Index No. 604186/19)

[*1]Damon Parthesius, respondent, 
v
Town of Huntington, appellant.

Gerber Ciano Kelly Brady LLP, Garden City, NY (Brendan T. Fitzpatrick and Brian W. McElhenny of counsel), for appellant.
Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated July 20, 2020, as amended July 28, 2020. The order dated July 20, 2020, as amended July 28, 2020, denied the defendant's motion for summary judgment dismissing the complaint. The notice of appeal from an order dated July 28, 2020, is deemed to be a notice of appeal from the order dated July 20, 2020, as amended July 28, 2020 (see CPLR 5512[a]).
ORDERED that the order dated July 20, 2020, as amended July 28, 2020, is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On the evening of October 9, 2018, the plaintiff allegedly tripped and fell on an uneven sidewalk condition which was located within a municipal parking lot. There was a patch of asphalt in the concrete sidewalk, and it was not flush with the abutting slab of concrete. The plaintiff also alleged that a lamppost near the accident site was not functioning and that the area was not properly illuminated. The plaintiff commenced this action against the defendant, the Town of Huntington, to recover damages for personal injuries that he allegedly sustained as a result of his fall. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that it did not have prior written notice of the uneven sidewalk condition and that it had no duty to illuminate the area where the accident occurred. The Supreme Court denied the motion in an order dated July 20, 2020, as amended July 28, 2020. The defendant appeals.
"Prior written notice of a defective condition is a condition precedent to maintaining an action against a municipality where, as here, there is a local law requiring such notice" (Schiller v Town of Ramapo, 202 AD3d 1022, 1022; see Code of the Town of Huntington § 174-3; Coventry v Town of Huntington, 165 AD3d 750, 751-752). Here, in support of its motion, the defendant submitted, among other things, affidavits of its employees who searched the relevant records covering a five-year period prior to the date of the accident, and found that neither the Town Clerk nor the Town Superintendent of Highways had received prior written notice of any dangerous or defective condition at the accident site. The defendant thus established, prima facie, that it did not [*2]have prior written notice of the alleged uneven sidewalk condition (see Schiller v Town of Ramapo, 202 AD3d at 1023; Defilippo v City of Glen Cove, 178 AD3d 1019, 1020; Coventry v Town of Huntington, 165 AD3d at 752; Walker v County of Nassau, 147 AD3d 806, 807). The defendant also established, prima facie, that it had no duty to illuminate the area where the accident occurred (see Thompson v City of New York, 78 NY2d 682, 685; Greenberg v McLaughlin, 242 AD2d 603, 603-604; Abbott v County of Nassau, 223 AD2d 662, 662; Bauer v Town of Hempstead, 143 AD2d 793, 794).
The Court of Appeals "has recognized only two exceptions to the statutory rule requiring prior written notice, namely, where the locality created the defect or hazard through an affirmative act of negligence and where a 'special use' confers a special benefit upon the locality" (Amabile v City of Buffalo, 93 NY2d 471, 474 [citation omitted]; see Yarborough v City of New York, 10 NY3d 726, 728; Puzhayeva v City of New York, 151 AD3d 988, 990). Only the affirmative negligence exception is implicated in this case, and it "'is limited to work [done] by [a municipality] that immediately results in the existence of a dangerous condition'" (Yarborough v City of New York, 10 NY3d at 728, quoting Oboler v City of New York, 8 NY3d 888, 889; see San Marco v Village/Town of Mount Kisco, 16 NY3d 111, 117-118; Fiero v City of New York, 190 AD3d 822, 824; Puzhayeva v City of New York, 151 AD3d at 990). The defendant was not required to eliminate all triable issues of fact with respect to the affirmative negligence exception to the prior written notice rule in order to satisfy its prima facie burden (see Smith v City of New York, ___ AD3d ___, 2022 NY Slip Op 05226 [2d Dept]). Nevertheless, the defendant did eliminate all triable issues of fact with respect to that exception. In particular, the defendant submitted an affidavit of its employee, John Carroll, who averred that the asphalt patch would have been "rolled smooth and level to remove any existing tripping hazard between the two existing concrete slabs," but now, "the tar was eroded from the patch" and "[p]ortions of the asphalt patch . . . appear to be missing." Based on Carroll's "observation of the asphalt repair as it exist[ed] in 2019," he believed that the repair was "[more than] 10 years old" and that its separation from the concrete slabs "would be caused by natural erosion, wear and tear over time, and/or in this case tree roots causing the concrete slabs to uplift, not by the method of its installation."
In opposition, the plaintiff failed to raise a triable issue of fact (see Torres v Incorporated Vil. of Rockville Ctr., 195 AD3d 974, 975-976). Contrary to the plaintiff's contention, the deposition testimony of Sean Cavanagh, another employee of the defendant, which was also submitted in support of the defendant's motion, did not establish that the dangerous condition arose immediately after the asphalt repair. Cavanagh's testimony instead confirmed that the asphalt had worn away over the course of at least seven to eight years, and that the allegedly dangerous condition thus had "developed over time with environmental wear and tear" (Yarborough v City of New York, 10 NY3d at 728).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court