opinion of the court
Betty W. Ellerin, J.
In this negligence action, the defendant city has moved for an order dismissing plaintiff’s claim and codefendant’s cross claim against it on the ground that no basis for the claimed liability of the city exists.
The accident occurred on the north-bound lane of the Henry Hudson Parkway between 72nd and 82nd Streets on October 9, 1975 when plaintiff’s automobile came into contact with construction barricades erected by the codefendant Carl Koch Erection Company, Inc. In its answer, dated April 6, 1977, the city admitted the following: “that Henry Hudson Parkway in the Borough of Manhattan, City and State of New York is a public parkway and that it is the duty of the defendant, The City of New York, to maintain its public streets, [and] parkways including the sidewalks and appurtenances thereon, under its exclusive control, in a reasonably safe condition.”
*178 Now almost six years after the accident and over four years after joinder of issue, the city alleges that on September 9, 1975, one month before the accident, the New York State Commissioner of Transportation designated that portion of the highway on which the accident occurred as a restricted highway, pursuant to section 104-a of the Highway Law and section 1625 of the Vehicle and Traffic Law. Thus, argues the city, that portion of the highway was under the control of the State Commissioner, not the city, at all times alleged in the complaint. The city also notes for the first time that it was not a party to the contract under which Koch Erection was performing.
Section 104-a of the Highway Law provides, in pertinent part: “The commissioner of transportation shall have the power to designate any highway under construction or reconstruction under the supervision of the commissioner of transportation * * * as a restricted highway, maintaining traffic thereon, subject to the provisions of article thirty-seven of the vehicle and traffic law.”
Article 37 (§ 1625, subd [a]) of the Vehicle and Traffic Law provides: “The department of transportation, * * * with respect to any restricted highway, as defined in section one hundred four-a of the highway law, may prohibit, restrict or regulate traffic on, or pedestrian use of any such highway.”
On this motion, the city argues that the State’s exercise of control of access, vehicle speed, and the erection of signs, signals and barriers during the period that the highway was designated as restricted constituted “in effect, a legislatively mandated ‘usurpation’ of a local power by a superior level of government”.
Unlike other sections of article 37, which specifically deal with “state highways maintained by the state” (see, e.g., §§ 1600, 1621, 1624), section 1625 refers to “any” restricted highway (i.e., one whose construction or reconstruction is under the supervision of the State commissioner who is responsible for maintaining traffic during the period of restriction). The Henry Hudson Parkway is one such highway (see Highway Law, §§ 349-b, 349-f). Jurisdiction over the central express artery, adjacent landscape *179 areas and adjacent service roads of such parkways is in the City of New York (Highway Law, § 349-c, subd 3.4), since such parkways do not constitute a State route (Highway Law, art 12), but are designated “state arterial highways passing through cities” (Highway Law, art 12-B). The West Side Highway from the Brooklyn Queens Expressway via the Brooklyn Battery Tunnel to the Lincoln Tunnel, including a connection from the Lincoln Tunnel to West Seventy-second Street, is designated as Interstate Route Connection 518, a “state route” (Highway Law, § 340-a). In distinction, the Henry Hudson Parkway from the Westchester County line to Miller Highway (excepting the Henry Hudson Bridge), including that portion where the instant accident occurred, is designated as a New York City route (Highway Law, § 349-f). In addition, even during the period when section 104-a restrictions are in effect, by their own terms, the restrictions apply only to the maintenance of traffic.
There is nothing in the Highway Law or the Vehicle and Traffic Law which relieved the city of its primary jurisdiction over the area where this accident occurred during the period of 104-a restrictions. The degree of liability of the city, if any, in this action is a question of fact for the jury. It may well be, as the city contends, that plaintiffs will be unable to sustain their burden of proof in this regard. However, since jurisdiction over the disputed area, if not exclusive control, remained in the city, there are no grounds for dismissal on the showing here made.
Accordingly, the motion to dismiss is denied.