■ LOUISE MICHETTI, Individually and as Executrix of ARMAND R. MICHETTI, Deceased, Respondent, v CITY OF NEW YORK et al., Appellants, and PARADISE GUARD DOGS, INC., et al., Respondents, et al., Defendants. YONKERS CONTRACTING COMPANY, INC., Third-Party Plaintiff-Respondent, v S.N. TANNOR, INC., Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered on or about December 11, 1990, which, *inter alia,* denied that portion of the defendant City of New York's motion for summary judgment dismissing the plaintiff's claim alleging defective lighting, unanimously reversed, insofar as appealed, and the defendant City of New York's motion for summary judgment is granted, without costs. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing and severing the action as to them.

The plaintiff Louise Michetti instituted this personal injury and wrongful death action after her husband was killed during the early morning hours of November 6, 1981 on the Henry Hudson Parkway. While the decedent was attending to his disabled automobile on the right-hand southbound lane of the highway, a vehicle operated by the defendant Freddie Mercado struck his car which then lurched forward killing the decedent. Mercado testified at a Motor Vehicle Department hearing, although he thereafter defaulted, that at the time of the accident, it was raining and dark since the Parkway lights had just turned off.

With regard to the defendant City of New York, the plaintiff alleged that it negligently designed the Parkway, failed to provide adequate signs and warnings as to the condition of the roadway, failed to provide adequate drainage and adequate lighting and failed to maintain the surface of the highway. She further maintained that the City had actual or construc-

tive notice of the claimed defects. The City cross moved to dismiss the complaint, or in the alternative, for summary judgment. The Supreme Court denied that portion of the City's motion to dismiss and for summary judgment on the plaintiff's claim alleging inadequate lighting.

The Supreme Court erred in denying the City's motion for summary judgment as to the claim relating to defective lighting. The Henry Hudson Parkway is a State Arterial Highway. While the City agreed to maintain the lighting on State Arterial Highways, pursuant to section 349-c (7) of the Highway Law, the particular section of the highway where the accident occurred had been designated by the State as "restricted" so that the State could reconstruct the lighting, decks, structural steel and drainage facilities. The State had also entered into a contract with the third-party plaintiff Yonkers Contracting Company, Inc. to perform the reconstruction work. We therefore agree with the municipal defendants that the State's assumption of responsibility for that portion of the highway relieved the City of liability (see, *Farrell v Town of N. Salem,* 205 NY 453; *People ex rel. Carlisle v Board of Supervisors,* 217 NY 424; *Willis v City of New York,* 107 AD2d 747; *Allen v Village of Holley,* 226 App Div 294; *Hutley v New York State Thruway Auth.,* 139 Misc 2d 868; *cf., Dalmazio v City of New York,* 116 Misc 2d 177). In any event, we note that the claim of no lighting was based on hearsay.

Nor is there merit to the plaintiff's contention that the City may be held liable for improper maintenance of the lighting. Assuming, as the plaintiff alleges, that the lights on the Parkway prematurely turned off, the mere outage of the streetlights did not demonstrate that the City "permitted a dangerous or potentially hazardous condition to exist and cause injury [citations omitted]" *(Thompson v City of New York,* 78 NY2d 682, 685, *rearg denied* 79 NY2d 916).

In light of the foregoing, we do not reach the municipal defendants' remaining contentions. Concur—Sullivan, J. P., Carro, Rosenberger, Wallach and Smith, JJ.