(May 28, 1998)

■ JORGE ADRIANO, by JORGE ADRIANO, SR., His Father and Natural Guardian, et al., Appellants, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Respondents. [673 NYS2d 432] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about April 4, 1997, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

At about 3:10 P.M. on April 22, 1991, 14-year old Jorge Adriano, Jr., having been released for the day from school at Manhattan Center, was waiting for a bus at a bus stop located on Pleasant Avenue, near its intersection with East 120th Street in Manhattan, along with 80 to 100 other students. When a bus reached the bus stop area, the driver stopped the bus about four feet from the curb. The students moved forward across the divide between the curb and the bus, apparently planning to board the bus. By this point, Jorge was standing beside the bus and next to the door. Instead of opening its doors, the bus, after stopping for a few seconds, moved forward and the right front wheel of the bus apparently ran over Jorge's left foot. This lawsuit followed.

A police officer's accident report as well as an EMS assistance report indicated that Jorge was pushed from behind, causing him to fall under the right front wheel of the bus. A Manhattan and Bronx Surface Transit Operating Authority report was similar, as was the testimony of Jorge at a statutory hearing, when he responded affirmatively to an inquiry as to whether he was pushed from behind. And, while Jorge stated at his deposition that he had not been pushed, he did acknowledge his prior statement to the police that he had been pushed from behind.

Defendants moved for summary judgment dismissing the complaint on the ground that Jorge had acknowledged that he had been pushed in front of the bus by some third party and that defendants were not liable for such a sudden, unanticipated attack. In opposition, Jorge's affidavit specifically disclaimed any prior statement indicating that he had been pushed from behind and simply described a situation where

the students were surrounding the bus when it suddenly pulled away, while Jorge was next to it, and he was injured when the right front wheel ran over his left leg.

The motion court granted summary judgment in favor of defendants, holding that there was no special relationship between the infant plaintiff and defendants for the protection of the infant against an assault by a third party.

We reverse. Initially, the motion court's dismissal of plaintiff's case because "there is no special relationship with [the plaintiff]" was in error. This is not a case of an alleged failure to protect plaintiff from attack by a third party, for which a special relationship would be a prerequisite for a viable claim (*see, e.g., Crosland v New York City Tr. Auth.*, 68 NY2d 165). The claim here is that Jorge was injured as a result of defendants' negligent operation of a bus, raising the issue of ordinary negligence resulting from violation of New York City Department of Transportation Traffic Rules (34 RCNY) § 4-04 (d), imposing upon the operator of a motor vehicle a duty to "exercise due care to avoid colliding with any pedestrian."

Although there were prior statements made by the infant plaintiff to the effect that he had been pushed from behind, those statements do not conclusively demonstrate the sequence of events immediately preceding the bus running over his foot. The question of *when* Jorge was pushed, i.e., in the surging forward of the crowd while the bus was standing in place, or just prior to the moment when the bus began to accelerate, is critical to the factual determination of whether the defendant's driver acted negligently. Consequently, while the existence of an issue of fact may not be founded upon a party's mere denial of a dispositive fact previously admitted (*see, Capraro v Staten Is. Univ. Hosp.*, 245 AD2d 256), the plaintiff's prior statements in this instance were not dispositive. Thus, plaintiff's statement in his opposition to the motion for summary judgment to the effect that he had never stated that he was pushed from behind simply creates an inconsistency best resolved through an assessment of plaintiff's credibility at trial, rather than grounds for a summary dismissal of his claim.

It cannot be said, as a matter of law, that the driver was not negligent in pulling away from the bus stop after the students had swarmed the area where the bus had momentarily stood, with plaintiff at the front of the group, next to the front of the bus. Whether or not the bus operator acted reasonably under the circumstances prevailing, with a large group of school children having moved as a group toward the bus, presents factual issues that properly should be resolved by a jury. Concur—Lerner, P. J., Ellerin, Rubin and Saxe, JJ.