■ MARTIN J. GIBLIN, Appellant, v CITY OF NEW YORK, Respondent. [700 NYS2d 154] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered July 21, 1998, which granted defendant's cross-motion for summary judgment and dismissed the complaint, unanimously reversed, on the law, without costs, defendant's motion denied and the complaint reinstated.

Plaintiff, a New York City police officer, allegedly sustained severe personal injuries when he fell due to a sidewalk defect while effecting an arrest in June 1993. He commenced this action for personal injuries in September 1994. In March 1998, defendant moved to dismiss the complaint on the ground that plaintiff had failed to file a timely notice of claim or to timely move for permission to file a late notice of claim. The IAS Court granted defendant's motion; this was clearly based upon a misreading of the retroactivity provision of an amendment to

the General Municipal Law. A 1994 amendment to General Municipal Law § 205-e explicitly permits a police officer to bring suit against a municipality without requiring him to serve and file a notice of claim pursuant to General Municipal Law § 50-e so long as such action is commenced on or before June 30, 1995 (*Schiavone v City of New York*, 92 NY2d 308, 316-317). Since plaintiff's cause of action accrued in June 1993 and was revived by the 1994 amendment, he was not required to file a timely notice of claim or timely move for permission to file a late notice of claim. Concur—Rosenberger, J. P., Tom, Mazzarelli, Saxe and Buckley, JJ.