(February 15, 2000)

■ FLAVIO HERRERA et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendant. [702 NYS2d 303] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about September 17, 1998, which, to the extent appealed from as limited by the briefs, granted the cross-motion of defendants for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the complaint reinstated.

The facts as presented in the submissions on the motion for summary judgment indicated that on December 10, 1996, at approximately 3:10 P.M., plaintiff double parked his delivery truck on the right side of Second Avenue near 74th Street in front of the Pomodori Restaurant. As plaintiff left the truck, which was positioned half inside the bus lane and half in the second lane, and proceeded to the back of his vehicle to open its rear gate, defendant Eric Washington exited from his automobile that was pulled up immediately behind the truck and began screaming that plaintiff had cut him off. When plaintiff turned to Washington, he immediately punched plaintiff in the face, breaking his front teeth, whereby plaintiff fell to the ground in the third lane of Second Avenue. As plaintiff attempted to rise, Washington delivered an additional punch or two. When plaintiff again tried to get up, a bus belonging to defendant New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority (MABSTOA) and driven by defendant Rafael Gonzalez, struck plaintiff, running over his left leg, and causing him severe injury that resulted in the leg's amputation. Plaintiff's testimony indicated that he was on the ground for about 20 seconds before he was hit by the bus, although he did not see the bus until he was struck.

The bus driver testified that, at the time of the accident, he was in the third lane proceeding at 10 to 15 miles per hour, and that he was "trying to catch the 74th Street traffic light." He saw Washington punch plaintiff and saw plaintiff fall to the ground, at which point he tried to move over into the left lane. He estimated that 30 seconds passed from the time when he first saw Washington until he felt the bus hit plaintiff and 5 to 6 seconds passed from the time he saw plaintiff fall until the bus hit him.

A passenger on the bus, who is also a bus operator employed by defendants, estimated that three minutes elapsed from the time she first saw the fight from where she was standing in the front of the bus until the bus hit plaintiff.

Supreme Court dismissed the complaint on the ground that common carriers are not liable for sudden unanticipated attacks by third parties on passengers in the absence of a special relationship, relying on *Weiner v Metropolitan Transp. Auth.* (55 NY2d 175) and *Cuffy v City of New York* (69 NY2d 255). The "special relationship" theory was first raised in defendant's reply to his cross-motion.

Contrary to the finding of the motion court, this is not a case where plaintiff seeks to hold the defendants liable for the acts of the assailant. Rather, the gravamen of plaintiff's claim against defendant is that plaintiff was severely injured as a result of the negligent failure by the driver of defendant's bus to bring the vehicle to a stop to avoid striking plaintiff, who had been lying on the ground for 20 seconds before the bus hit him (*see, Adriano v Manhattan & Bronx Surface Tr. Operating Auth.*, 250 AD2d 541 [May 1998], where the same motion court was previously reversed for relying on the *Weiner* and *Cuffy* decisions in a case also involving negligent operation of a bus).

Moreover, we reject the alternative argument of defendants that no material issues of fact exist regarding whether the bus driver's failure to stop the bus in time was negligent. Viewing the evidence in the light most favorable to plaintiff, it cannot be said as a matter of law that the bus driver acted reasonably under the circumstances in light of his own testimony that he had observed the incident from the time that the fight was in progress, as well as plaintiff's testimony as to the length of time he was on the ground before being struck by the bus. Concur—Tom, J. P., Ellerin, Rubin, Andrias and Buckley, JJ.