■ SEAN McCARTHY, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [772 NYS2d 589]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme

Court, Kings County (M. Garson, J.) dated October 17, 2002, as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the cause of action based on General Municipal Law § 205-e.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the cause of action based on General Municipal Law § 205-e is denied, and that cause of action is reinstated against the City of New York.

The plaintiff, a police officer who was injured while on duty, contends that the defendant City of New York is liable for damages pursuant to General Municipal Law § 205-e (1) based upon proof that the City created, or failed to remedy, a dangerous condition existing within a sidewalk tree well, in violation of the duty imposed on it by New York City Charter § 2903 (b) (2) (*see generally Cosgriff v City of New York*, 93 NY2d 539 [1999], *affg* 241 AD2d 382 [1997]; *see also Grgich v City of New York*, 2 AD3d 680 [2003]; *Hayes v City of New York*, 264 AD2d 610 [1999]; *Simons v City of New York*, 252 AD2d 451 [1998]; *Palazzolla v City of New York*, 248 AD2d 250 [1998]; *Giblin v City of New York*, 267 AD2d 127 [1999]). The City did not refute this contention.

The City's only argument is that the order should be affirmed insofar as appealed from due to the inadequacy of the description of the "manner in which the claim arose" contained in the plaintiff's notice of claim (General Municipal Law § 50-e [2]; *cf.* General Municipal Law § 50-e [6]; § 205-e [2]; *D'Alessandro v New York City Tr. Auth.*, 83 NY2d 891 [1994]). This argument was improperly raised for the first time in the City's reply papers, and the plaintiff did not have a fair opportunity to address this issue. For that reason alone, this argument does not support an affirmance of the order appealed from (*see Medugno v City of Glen Cove*, 279 AD2d 510 [2001]; *Cumpston v Marcinkowska*, 275 AD2d 340 [2000]). Prudenti, P.J., Altman, Luciano and Adams, JJ., concur.