■ ROBERT G. HAYDEN, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [809 NYS2d 75]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about January 23, 2003, which, to the extent appealed from as limited by the briefs, granted the municipal defendant's cross motion for summary judgment dismissing the complaint and denied plaintiff's motion to compel discovery, unanimously affirmed, without costs.

A municipality's duty to maintain existing street lights is limited to those situations where illumination is necessary to avoid dangerous or potentially hazardous conditions. In order to prevail, a plaintiff must thus show that the municipality permitted a dangerous or potentially hazardous condition to exist and cause injury (*Thompson v City of New York*, 78 NY2d 682 [1991]; *see Michetti v City of New York*, 184 AD2d 263 [1992]). Here, plaintiff failed to allege satisfactorily in the complaint that a defect or unusual condition existed at the intersection, such that lighting was necessary to keep the street safe (*see Cracas v Zisko*, 204 AD2d 382 [1994]), nor did he submit evidence to this effect in opposition to the City's motion (*cf. Graham v City of Rochester*, 184 AD2d 990 [1992]). In addition, plaintiff failed to show that the representatives already deposed had insufficient knowledge or were otherwise inadequate, or that further discovery was warranted by reason of a substantial likelihood that additional persons sought for deposition possessed information material and necessary to oppose the motion (*Uvaydova v New York Tel. Co.*, 226 AD2d 626 [1996]; *see Colicchio v City of New York*, 181 AD2d 528 [1992]). Concur—Tom, J.P., Mazzarelli, Andrias, Nardelli and Malone, JJ.