■ Jose Amador, an Infant, by His Mother and Natural Guardian, Migdalia Rivera, et al., Appellants, v City of New York et al., Respondents. [946 NYS2d 151]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered May 12, 2011, which granted defendants City of New York's and New York City Department of Transportation's (defendants) motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion denied.

The injured plaintiff's testimony conveyed that he slipped and fell on the sidewalk in front of a privately owned building because of a combination of a defect in the sidewalk, inadequate lighting, and chronic flooding. Plaintiffs also submitted evidence relevant to defendants' notice of the inadequate lighting and chronic flooding, i.e., that the street was always dark and that the flooding had been occurring for several months before the date of his accident. However, defendants' motion focused solely on the applicability of Administrative Code of City of NY § 7-210 (a), which imposes a duty upon the owner of property abutting a sidewalk to maintain the sidewalk in a reasonably safe condition. Defendants failed to address the allegedly inadequate lighting and tendency to flood that may have caused or contributed to plaintiff's accident by rendering the sidewalk defect obscure (*see Thompson v City of New York*, 78 NY2d 682, 684 [1991]; *De Witt Props. v City of New York*, 44 NY2d 417, 423-424 [1978]). Thus, defendants failed to establish, as

required, that they neither created nor had notice of the allegedly dangerous conditions (*see Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419, 420 [2011]), or that the conditions did not cause plaintiff's injury. Concur—Tom, J.P., Andrias, Moskowitz, Acosta and Abdus-Salaam, JJ.