■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALICE RYAN, Appellant. [22 NYS3d 861]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Renee White, J.), rendered on or about April 16, 2013, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Tom, J.P., Friedman, Saxe and Kapnick, JJ.

■ In the Matter of BEST PAYPHONES, INC., Appellant, v GUZOV OFSINK, LLC, Respondent. [22 NYS3d 861]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered October 2, 2014, which denied plaintiff's motion to compel the deposition of defendant's principal, Debra Guzov, unanimously reversed, on the law, without costs, and the motion granted.

This action arises from an alleged breach of a retainer agreement entered into by plaintiff client and defendant law firm whereby the law firm agreed to provide legal services in connection with an appeal of a bankruptcy order. After one month of work, the law firm withdrew as counsel and refused to refund the flat fee of $32,000, claiming that the client had been unreasonably difficult and that it had already incurred more than $31,000 in legal fees. The law firm designated a former associate, who had worked on the bankruptcy appeal, as its deponent. Following the associate's deposition, plaintiff moved to compel the law firm to produce the partner in charge of the case for deposition.

Under the circumstances, plaintiff made a sufficiently "detailed showing" of the necessity for taking the additional deposition of the partner, in that it has demonstrated that the already deposed associate had insufficient information concerning relevant issues, including the negotiation of the retainer and the work purportedly performed, and there was a substantial likelihood that the partner in charge possesses information necessary and material to the prosecution of the case (see *Alexopoulos v Metropolitan Transp. Auth.*, 37 AD3d 232, 233 [1st Dept 2007]; *Hayden v City of New York*, 26 AD3d 262 [1st Dept 2006]). Concur—Tom, J.P., Friedman, Saxe and Kapnick, JJ.