■ DAPHNE E. LEE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. (And A Third-Party Action.) [28 NYS3d 607]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered October 30, 2014, dismissing the complaint, and bringing up for review an order, same court and Justice, entered June 25, 2014, which granted defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

Plaintiff seeks damages for injuries she sustained when she slipped and fell on a banana peel as she was descending the stairway to a subway station. She alleges that the stairway was not properly maintained and was inadequately lit.

Defendant's failure to address the claim of inadequate lighting is fatal to its motion (see Amador v City of New York, 96 AD3d 475 [1st Dept 2012]). Notwithstanding proof of defendant's lack of notice of the banana peel, the inadequate lighting condition could still be a proximate cause of plaintiff's accident (see Amador, 96 AD3d 475; Santiago v New York City Hous. Auth., 268 AD2d 203 [1st Dept 2000]). Further, defendant's accident reports indicating that the area was dark and the testimonial evidence that the area was dark and had been dark since at least the day before the accident raise an issue of fact as to whether defendant had actual or constructive notice of the lighting condition (see Smith v Costco Wholesale Corp., 50 AD3d 499 [1st Dept 2008]).

Notwithstanding defendant's contention that it neither controlled nor had legal responsibility for the stairway, since the stairway was primarily used by defendant's passengers as a means of approaching the subway, defendant owed a nondel-

egable duty to maintain the stairway or to warn passengers of any dangerous condition (*Bingham v New York City Tr. Auth.*, 8 NY3d 176 [2007]). Moreover, the testimony of defendant's own employees raises a question of fact as to its duty to maintain the stairway. Concur—Tom, J.P., Acosta, Richter, Manzanet-Daniels and Gesmer, JJ.