■ UTE LINHART, Respondent, v JOSE ROJAS et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [60 NYS3d 820]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered June 2, 2016, which denied defendant New York City Transit Authority's (NYCTA) motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff's notice of claim and complaint, as amplified by her bill of particulars, asserted claims against defendant NYCTA for failing to provide proper security, failing to prevent the assault by defendant Jose Rojas, who pushed plaintiff into an oncoming train, and the negligent operation of the train in traveling at an excessive speed and failing to bring the train to a stop before it struck plaintiff. While NYCTA addressed the security and assault issues in its motion for summary judgment, it failed to sufficiently address plaintiff's claims for negligent operation of the train. Thus, it failed to demonstrate its entitlement to judgment as a matter of law, and the court properly denied the motion without regard to the sufficiency of plaintiff's opposition (*see Chapman v City of New York*, 139 AD3d 507 [1st Dept 2016]; *Lee v New York City Tr. Auth.*, 138 AD3d 579 [1st Dept 2016]). Moreover, based on the train operator's own testimony, issues of fact exist as to whether there was sufficient time to stop the train prior to hitting plaintiff, although there was ample time to do so (*see Soto v New York City Tr. Auth.*, 6 NY3d 487, 493 [2006]; *Herrera v New York City Tr. Auth.*, 269 AD2d 212 [1st Dept 2000]). Insofar as plaintiff's testimony would appear to negate any possibility of the train operator's testimony being accurate, resolution of these conflicting versions of the incident are for the trier of fact. Concur—Acosta, P.J., Renwick, Webber, Oing and Moulton, JJ.