■ PUBLIC ADMINISTRATOR OF BRONX COUNTY, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendants. [67 NYS3d 608]—

Judgment, Supreme Court, Bronx County (Faviola Soto, J.), entered September 21, 2016, dismissing all pleadings against the Transit defendants, upon a grant of a directed verdict at the close of plaintiff's case, unanimously reversed, on the law, without costs, the judgment vacated, and the matter remanded for a new trial. Order, same court (Larry S. Schachner, J.), entered November 14, 2016, which granted the Transit defendants and Eric Roman's motion to vacate a prior order entered June 28, 2016 amending the caption to substitute Roman in the place of defendant "John Doe," dismiss the amended complaint filed July 28, 2016, and award sanctions against plaintiff's counsel, unanimously reversed, on the law and in the exercise of our discretion, without costs, and the motion denied.

A directed verdict was not warranted. An eyewitness's testimony that decedent was in the roadway attempting to stand after being hit by codefendant Arthur Gomez's car and before being hit by the Transit defendants' bus, could allow a rational jury to find that Roman, the bus driver, was negligent in failing to see decedent (see Herrera v New York City Tr. Auth., 269 AD2d 212, 213 [1st Dept 2000]; see generally Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]). Moreover, the eyewitness and plaintiff's medical expert both testified that decedent was still alive at the time he was hit by the bus.

The criminal conviction of Gomez did not preclude plaintiff from demonstrating that Roman was a proximate cause of decedent's death. Plaintiff was not a party to the criminal proceeding and did not have a full and fair opportunity to litigate the issue (see Buechel v Bain, 97 NY2d 295, 303-304 [2001], cert denied 535 US 1096 [2002]).

Given the foregoing, the judgment of dismissal against the Transit defendants is vacated, the amended complaint filed

July 28, 2016 reinstated, the order amending the caption to substitute Roman for John Doe as a defendant reinstated, and the matter remanded for a new trial.

We vacate the award of sanctions, as the record supports plaintiff's assertion that plaintiff was not trying to defraud the court or prejudice the Transit defendants.

We have considered defendants-respondents' remaining arguments and find them unavailing. Concur—Friedman, J.P., Gische, Webber, Kahn and Singh, JJ.