Cabrera v New York City Tr. Auth. (2019 NY Slip Op 02991)





Cabrera v New York City Tr. Auth.


2019 NY Slip Op 02991


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Friedman, J.P., Sweeny, Tom, Moulton, JJ.


9056 306043/13

[*1]Jose Cabrera, Plaintiff-Respondent,
v
New York City Transit Authority, et al., Defendants-Appellants, Abraham M. Florimon, et al., Defendants.


Lawrence Heisler, Brooklyn (Timothy J. O'Shaughnessy of counsel), for appellants.
Rosenberg, Minc, Falkoff & Wolff, LLP, New York (Daniel C. Minc of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Faviola Soto, J.), entered March 21, 2018, upon a jury verdict finding defendants-appellants (defendants) 30% responsible for plaintiff's injuries, and awarding plaintiff the principal amounts of $1,500,000 for past pain and suffering, $3,000,000 for future pain and suffering over 10 years, and $600,000 for future medical expenses over 5 years, and bringing up for review an order, same court and Justice, entered on or about February 16, 2018, which denied defendants' motion to set aside the verdict, unanimously modified, on the law and the facts, to vacate the award for future medical expenses and remand for a new trial solely of those damages, unless plaintiff stipulates, within 30 days after entry of this order, to reduce the award for future medical expenses to $200,000 and to the entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.
The court properly denied the motion by defendants to set aside the verdict. The jury found that defendants' negligence was a cause of plaintiff's injuries and that defendants were 30% at fault, and these findings were not "utterly irrational" (Campbell v City of Elmira, 84 NY2d 505, 510 [1994] [internal quotation marks, citation, and emphasis omitted]). There is no basis for disturbing the jury's credibility determinations (see KBL, LLP v Community Counseling & Mediation Servs., 123 AD3d 488, 489 [1st Dept 2014]). There was a valid line of reasoning and permissible inferences based on the evidence, viewed in the light most favorable to plaintiff, that defendants failed to exercise reasonable care to avoid a collision by accelerating from behind the motorcycle on which plaintiff was a passenger, while the motorcycle was attempting to merge into the bus's lane (see e.g. Sylvester v Velez, 146 AD3d 599, 599 [1st Dept 2017]; Public Adm'r of Bronx County v New York City Tr. Auth., 156 AD3d 546, 546 [1st Dept 2017]). Data logs recovered from the bus indicated that it steadily accelerated from 0 to 29.2 miles per hour before quickly stopping. The verdict was legally sufficient and not against the weight of the evidence even if the bus had the right of way (see Sylvester, supra) and was driving just under the speed limit of 30 miles per hour (see VTL § 1180[a]; see also Oberman v Alexander's Rent-A-Car, 56 AD2d 814, 814-815 [1st Dept 1977], lv denied 42 NY2d 806 [1977]).
The awards for past and future pain and suffering did not "deviate[] materially from what would be reasonable compensation" (CPLR 5501[c]) for plaintiff's injuries to multiple body parts (see e.g. Lewis v New York City Tr. Auth., 100 AD3d 554 [1st Dept 2012], lv denied 21 NY3d 856 [2013]; Stevens v Bronx Cross County Med. Group, 256 AD2d 165 [1st Dept 1998]). The trial evidence showed that plaintiff sustained fractures to his hip, forearm, shoulder, and five ribs. Plaintiff's expert testified that the comminuted fracture to the left acetabulum, i.e. hip socket, prevented the displaced left femur from being pushed back into the socket, and plaintiff also sustained a comminuted fracture to the pubic ramus. Plaintiff underwent an open [*2]reduction/internal fixation surgery procedure on his ulna, emergency hip debridement, and subsequent hip surgery. The expert opined that plaintiff would need a hip replacement and cervical neck fusion surgery in the future. Plaintiff also suffered from hip and neck arthritis which the expert believed was caused by the accident, aggravating any aging-related arthritis. Plaintiff was in constant pain after sustaining his injuries as a result of being hit by a bus which sent him flying off a motorcycle, striking an iron pillar before falling to the ground. He was hospitalized for about five weeks after the accident, used a wheelchair for six months, and then used a walker for two months before switching to crutches. At the time of trial more than four years after the accident, he still needed to use crutches to walk more than five blocks, and to move around at home. There is no basis for disturbing the jury's credibility determinations pertaining to damages, which mainly "came down to a battle of the experts" (Rose v Conte, 107 AD3d 481, 483 [1st Dept 2013]).
The award of $600,000 in damages for future medical expenses was speculative and should be reduced to $200,000, based on estimates provided by plaintiff's expert.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK