Marshall v City of Albany (2020 NY Slip Op 03578)





Marshall v City of Albany


2020 NY Slip Op 03578


Decided on June 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 25, 2020

528801

[*1]Monique A. Marshall, Respondent,
v
City of Albany, Defendant, and Capital District Transportation Authority et al., Appellants.

Calendar Date: May 21, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


O'Connor, O'Connor, Bresee & First, PC, Albany (Danielle N. Meyers of counsel), for appellants.
Conway & Kirby, PLLC, Delmar (Andrew W. Kirby of counsel), for respondent.



Egan Jr., J.P.
Appeal from an order of the Supreme Court (Melkonian, J.), entered February 20, 2019 in Albany County, which, among other things, denied certain defendants' motion for summary judgment dismissing the complaint against them.
On the morning of November 28, 2014, plaintiff was waiting for a bus operated by defendant Capital District Transportation Authority (hereinafter CDTA) at an outdoor bus shelter located near the corner of Orange Street and North Pearl Street in the City of Albany. As the bus arrived, plaintiff exited the bus shelter and took one or two steps across the sidewalk whereupon she slipped and fell on snow and ice that had accumulated on a row of brick pavers that separated the sidewalk from the curb. Plaintiff thereafter commenced this action against, as relevant here, CDTA and its related corporate entities (hereinafter collectively referred to as defendants) to recover damages for personal injuries.[FN1] Following discovery, defendants moved for summary judgment dismissing the complaint against them on the ground that they did not owe plaintiff a duty of care since they did not own, occupy or control the sidewalk upon which plaintiff fell. Supreme Court denied the motion, finding that plaintiff raised a triable issue of fact as to whether defendants breached their duty by requiring her to traverse a dangerous pathway to get from the bus shelter onto the bus.[FN2] Defendants appeal, and we affirm.
Defendants contend that Supreme Court erred when it denied their motion for summary judgment based upon a "safe path" theory of negligence, since said theory was first raised by plaintiff in her original bill of particulars and was not contained in either her notice of claim or complaint/amended complaint. Defendants failed to challenge the sufficiency of the notice of claim or the complaint/amended complaint based on this ground in their motion for summary judgment and, inasmuch as this issue was raised for the first time on appeal, it is unpreserved for our review (see Stein v Kendal at Ithaca, 129 AD3d 1366, 1367 [2015]; see also Smith v County of Orange, 51 AD3d 1006, 1006 [2008]; McCarthy v City of New York, 5 AD3d 445, 446 [2004]).[FN3]
It is well settled that "liability for a dangerous condition on property is predicated upon occupancy, ownership, control or a special use of the premises, and that the existence of one or more of these elements is sufficient to give rise to a duty to exercise reasonable care" (Foley v Golub Corp., 252 AD2d 905, 906-907 [1998] [internal quotation marks, brackets and citations omitted]; see Boehm v Barnada, 7 AD3d 911, 912 [2004]; Balsam v Delma Eng'g Corp., 139 AD2d 292, 298 [1988], lv dismissed and denied 73 NY2d 783 [1988]). In particular, a finding of a special use will arise "where there is a modification to the public sidewalk, such as the installation of a driveway, or a variance of the sidewalk to allow for ingress and egress, that was constructed in a special manner for the benefit of the [defendant]" (Giannelis v BorgWarner Morse TEC Inc., 167 AD3d 1185, 1186 [2018] [internal quotation marks and citations omitted]; see Terilli v Peluso, 114 AD3d 523, 523 [2014]; Balsam v Delma Eng'g Corp., 139 AD2d at 298) and that the defendant "derived a unique benefit unrelated to the public use" (Moons v Wade Lupe Constr. Co., Inc., 43 AD3d 501, 502 [2007]). Additionally, common carriers owe a duty of care to their passengers that require them to not only keep their transportation vehicles safe, but also to maintain a safe means of ingress and egress thereto for their passengers, including any area that is owned and maintained by another where said area is the primary and exclusive means of approach and/or access to the carrier (see Bingham v New York City Tr. Auth., 8 NY3d 176, 180-181 [2007]; Lee v New York City Tr. Auth., 138 AD3d 579, 579-580 [2016]).
In support of their motion for summary judgment, defendants submitted, among other things, the deposition testimony of Jessica Morgan, a laborer for the City, Mark Wos, CDTA's director of facilities, and Nicholas DeMatteo, a CDTA transportation supervisor. Morgan testified that a bus passenger exiting the subject bus shelter was required to cross both the gray sidewalk maintained by the City, as well as a section of brick pavers separating the sidewalk from the curb, in order to board a bus at that location. She acknowledged that, in November 2014, the City was responsible for performing snow and ice removal for the sidewalk in front of this shelter, but explained that the City was not otherwise responsible for maintaining the bus shelter or removing snow and ice from the brick pavers adjacent thereto, specifically indicating that this was CDTA's responsibility. Wos contradicted Morgan, testifying that CDTA did not have any responsibility for removing snow and ice from the brick pavers in front of the subject bus stop; however, he ultimately conceded that, in the winter months, CDTA employees conduct daily inspections of bus shelters and are tasked with providing snow and ice removal for the shelters within the City. According to Wos, the typical protocol consists of shoveling out the shelters, with CDTA employees being specifically instructed to clear the entire front of the shelter all the way to the curb, "in order to get a path to the street" and "open up a path to the bus." DeMetteo further testified that, as part of his responsibilities, he routinely inspects CDTA bus shelters to ensure that CDTA customers are not exposed to hazardous conditions, i.e., snow and ice. According to DeMetteo, on the morning in question, he was dispatched to the scene of the subject incident and observed packed snow and ice on the brick pavers where plaintiff fell. Photographs of the bus shelter further demonstrate that said shelter was built directly on the sidewalk along North Pearl Street and that a cutout in the streetscape was specifically built into the curb to accommodate buses stopping to pick up passengers at that location. Wos conceded, moreover, that CDTA was the sole carrier who used that cutout and bus shelter.
Based on the foregoing, defendants failed to establish their prima facie entitlement to summary judgment dismissing the complaint. Although defendants introduced some evidence to indicate that the City owned the subject bus shelter and adjacent sidewalk, a question of fact exists as to whether defendants occupied, controlled or derived a special use from the bus shelter and adjacent areas so as to foist upon them a duty to exercise reasonable care in maintaining the subject area for use by CDTA passengers (see Giannelis v BorgWarner Morse TEC Inc., 167 AD3d at 1186; Terilli v Peluso, 114 AD3d at 523; Balsam v Delma Eng'g Corp., 139 AD2d at 298). Further, as a common carrier, defendants failed to demonstrate that they provided a safe means of ingress and egress from the bus shelter to the bus such that a triable issue of fact remains as to whether they fulfilled their nondelegable duty to ensure plaintiff's safe passage onto the bus (see Bingham v New York City Tr. Auth., 8 NY3d at 180; Lee v New York City Tr. Auth., 138 AD3d at 579-580). Accordingly, we find that Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint.
Mulvey, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Plaintiff also sued defendant City of Albany and later filed an amended complaint adding WM. Biers, Inc. as a defendant. The action was subsequently discontinued against WM. Biers, Inc.

Footnote 2: In the same order, Supreme Court granted the City's separate motion for summary judgment dismissing the complaint and any cross claims against it.

Footnote 3: In any event, were this claim before us, we would find it to be without merit. The factual allegations contained in plaintiff's notice of claim, her testimony at the General Municipal Law § 50-h hearing, as well as the allegations in the complaint, as amplified by her original bill of particulars, adequately state the date, time, location and manner of the incident and sufficiently set forth a theory of liability based upon defendants' alleged failure to provide a reasonably safe egress from the bus shelter to the bus such that defendants had "information sufficient to enable [them] to investigate" the claim against them (Brown v City of New York, 95 NY2d 389, 393 [2000]; see Fontaine v City of Amsterdam, 172 AD3d 1602, 1603 [2019]).