Camara v Appiah (2020 NY Slip Op 05572)





Camara v Appiah


2020 NY Slip Op 05572


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Manzanet-Daniels, J.P., Gische, Gesmer, Singh, JJ. 


Index No. 307247/12 Appeal No. 11991 Case No. 2019-3202 

[*1]Haji Jenaba Camara, Plaintiff-Appellant,
v
Soloman Kofi Appiah, Defendant, The City of New York, et al., Defendants-Respondents.


Raymond Schwartzberg & Associates, PLLC, New York (Steven I. Brizel of counsel), for appellant.
Harris Beach, PLLC, New York (Svetlana K. Ivy of counsel), for The City of New York, respondent.
Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Craig A. Lamster of counsel), for Hellman Electrical Corp., respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about February 19, 2019, which granted defendants the City of New York and Hellman Electric Corp.'s motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
The Supreme Court properly granted summary judgment in favor of the City because in opposition to its motion, plaintiff failed to adduce any evidence showing that a defect or unusual condition existed at the site of the accident, such that lighting was necessary to keep the street safe (Thompson v City of New York, 78 NY2d 682, 684 [1991]; Hayden v City of New York, 26 AD3d 262, 262 [1st Dept 2006]). The conditions cited by plaintiff, namely that the site was dark and desolate, that he and the driver of the vehicle who hit him did not see each other before the accident, and that headlights provide limited illumination do not, in the absence of a defect or unusual condition, establish that lighting was necessary to keep the street safe (compare Michetti v City of New York, 184 AD2d 263, 264 [1st Dept 1992] with Amador v City of New York, 96 AD3d 475, 475 [1st Dept 2012]). The Supreme Court also properly granted summary judgment in favor of Hellman Electric; plaintiff's argument that Hellman Electric entirely displaced the City's duty fails in light of the fact that the City had no duty to maintain the streetlamps near the site of the accident and Hellman Electric, whose services were limited to traffic signals and streetlamps, did not entirely absorb the City's broad duty to maintain the roadway, sidewalk, and crosswalk in a reasonably safe condition (see generally Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). Plaintiff's arguments regarding emergencies under the contract between the City and Hellman Electric are not persuasive. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020